■ NATALIO ROLDAN, Appellant, v DEXTER FOLDER COMPANY, Defendant, and ATLANTIC CAN COMPANY, Respondent. (Action No. 1.) NATALIO ROLDAN, Appellant, v ROCKWELL GRAPHIC SYSTEMS, INC., Defendant, and ATLANTIC CAN COMPANY, Respondent. (Action No. 2.)—In two related actions to recover damages for personal injuries, the plaintiff in both actions appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated February 2, 1990, which, inter alia, granted Atlantic Can Company's motion to dismiss the complaints, insofar as they are asserted against it in both actions, for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

In 1977 the defendant Atlantic Can Company (hereinafter Atlantic), located in Passaic, New Jersey, purchased a device known as a five-gallon can slitter for use in its production of tin cans. In 1985, in Passaic, Atlantic sold the machine to a

New Jersey container company. Sometime thereafter, the container company transferred the machine to the plaintiff's employer, Bushwick Container Corp., located in Brooklyn. While operating the can slitter in November 1986 the plaintiff sustained injuries to his right arm.

The plaintiff commenced the instant actions in the Supreme Court, Kings County, against Atlantic and other defendants, alleging, among other things, that modifications made on the machine by Atlantic contributed to his injuries. Atlantic moved to dismiss the complaints insofar as they are asserted as against it on the ground of lack of personal jurisdiction. The court granted the motion and we affirm.

The courts of this State may exercise personal jurisdiction over, *inter alia,* a foreign corporation that "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]); or commits a tortious act outside the State causing injury to person or property within the State if it "regularly does or solicits business [or] derives substantial revenue from goods used * * * in the state" (CPLR 302 [a] [3] [i]), as to a cause of action arising from those acts. However, in their affidavits in support of the motion, Atlantic's vice-president and its counsel stated that Atlantic conducted business solely in New Jersey. Since the burden of proving jurisdiction is on the party asserting it, it was incumbent upon the plaintiff, in the face of Atlantic's allegations, to come forward with evidence to support the existence of a basis upon which to predicate the exercise of personal jurisdiction over Atlantic *(see, Spectra Prods. v Indian Riv. Citrus Specialties,* 144 AD2d 832) or to at least show that such evidence may exist *(see, Glassman v Catli,* 111 AD2d 744). The plaintiff failed to do so. Accordingly, the motion to dismiss was properly granted. Bracken, J. P., Kunzeman, Eiber and Ritter, JJ., concur