■ RICHARD BRANDT et al., Respondents, v DARIUS TORABY, Appellant. [710 NYS2d 115] —In an action to recover damages for

personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated May 21, 1999, as denied that branch of his motion which was to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction is granted, and the complaint is dismissed.

The plaintiff Richard Brandt alleged that he was injured while performing certain work on the defendant's residence in Connecticut. The parties disagree on whether the contract negotiations for the performance of this work took place in New York or in Connecticut.

The plaintiffs brought this action in New York, claiming that the defendant provided defective equipment to Brandt for use in the performance of his work. The defendant moved, *inter alia*, to dismiss the complaint for lack of personal jurisdiction under CPLR 302, the long-arm statute.

The plaintiffs contend that the defendant is subject to jurisdiction pursuant to CPLR 302 (a) (1), which provides:

"(a) Acts which are the basis for jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent:

"1. transacts any business within the state or contracts anywhere to supply goods or services in the state".

This section applies to tort actions "when supported by a sufficient showing of facts" (*Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 466).

Generally, a non-domiciliary is subject to the jurisdiction of a New York court if he or she has engaged in some purposeful activity within the State and there is a "substantial relationship" between this activity and the plaintiff's cause of action (*McGowan v Smith,* 52 NY2d 268). The burden of proof rests with the party asserting jurisdiction (*see, Roldan v Dexter Folder Co.,* 178 AD2d 589). The plaintiffs need only make out a prima facie case of personal jurisdiction, and in deciding whether the plaintiffs have met their burden, the court must construe the pleadings and affidavits in the light most favorable to them and resolve all doubts in their favor (*see, CutCo Indus. v Naughton,* 806 F2d 361, 365).

Assuming, as we must, that the contract was negotiated in New York, it was nevertheless to be performed in Connecticut,

at the defendant's residence. The plaintiffs allege that the defendant provided Brandt with defective equipment in Connecticut to perform work there. The underlying cause of action arises from an alleged breach by the defendant of a duty to provide Brandt with a safe work place, which is wholly separate from the contract negotiations. This duty of care arose in Connecticut, not in New York (*see, Gelfand v Tanner Motor Tours,* 339 F2d 317, 321-322).

Insofar as the alleged negligence of the defendant and the resulting cause of action to recover damages for personal injuries are wholly unrelated to any of the defendant's actions in New York, the Supreme Court erred in denying that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.