■ ARMOUTH INTERNATIONAL, INC., Appellant, v HABAND COMPANY, INC., Respondent. [715 NYS2d 438] —In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County

(Steinhardt, J.), dated August 30, 1999, as granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a clothing wholesaler, was introduced to the defendant, a clothing retailer incorporated in New Jersey, through an independent contractor to whom the plaintiff paid a commission. The plaintiff went to the defendant's offices in New Jersey to negotiate and sign a contract pursuant to which the defendant agreed to purchase goods from the plaintiff. The plaintiff obtained the goods and shipped them to the defendant's warehouse in Georgia. The defendant does not maintain offices, telephones, or sales personnel in New York, and it does not pay New York taxes. It does, however, maintain an Internet website through which customers can purchase its retail products.

The plaintiff commenced this action in New York claiming that the defendant breached the contract when it refused the goods delivered and failed to pay the price agreed to under the contract. The Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction. On appeal, the plaintiff contends that the defendant is subject to jurisdiction pursuant to CPLR 302 (a) (1) which provides, in relevant part, that a court may exercise personal jurisdiction over any nondomiciliary who transacts any business within the State as to a cause of action arising from that business. Generally, a nondomiciliary is subject to the jurisdiction of a New York court if it has engaged in some purposeful activity within the State and there is a substantial relationship between this activity and the plaintiff's cause of action (see, McGowan v Smith, 52 NY2d 268; Brandt v Toraby, 273 AD2d 429). The burden of proof rests on the party asserting jurisdiction (see, Brandt v Toraby, supra; Roldan v Dexter Folder Co., 178 AD2d 589).

Viewing the evidence in the light most favorable to the plaintiff (see, Ball v Metallurgie Hoboken-Overpelt, S. A., 902 F2d 194, 197, cert denied 498 US 854; Arrington v New York Times Co., 55 NY2d 433, 442, cert denied 459 US 1146; Brandt v Toraby, supra), we find that it was insufficient to confer jurisdiction on the court. The only activity in New York that could possibly be deemed "purposeful" is the activity the defendant engaged in through its Internet retail website. The plaintiff failed, however, to sustain its prima facie burden of establishing a substantial relationship between the Internet retail activ-

ity and the defendant's alleged breach of contract to purchase wholesale goods. Accordingly, the Supreme Court did not err in granting that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction.

The plaintiff's remaining contentions are without merit. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.