■ BANK OF NEW YORK, Respondent, v HENDRIKA VANDER-MEULEN, Appellant, et al., Defendants. [782 NYS2d 465]—

In an action to foreclose a mortgage, the defendant Hendrika Vandermeulen appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 23, 2003, which, in effect, denied that branch of her motion which was to vacate and set aside the judgment of foreclosure and sale entered May 8, 2002.

Ordered that the order is reversed on the law, with costs, and that branch of the motion which was to vacate and set aside the judgment of foreclosure and sale entered May 8, 2002, is granted.

The plaintiff filed a notice of pendency on April 24, 2001, but did not attempt service of the summons upon the appellant until May 15, 2001, which attempt was unsuccessful. The plaintiff did not attempt service of the summons upon the appellant again until June 16, 2001, after the expiration of the 30-day period for service mandated by CPLR 6512. The plaintiff contended that the appellant should be estopped from asserting defective service as a defense because she allegedly engaged in conduct calculated to prevent the plaintiff from learning her new address (*see Feinstein v Bergner*, 48 NY2d 234, 241 [1979]; *cf. Matt Santangelo, Inc. v Brown*, 206 AD2d 463 [1994]). The Supreme Court ordered a hearing on this issue, at which the plaintiff did not call any witnesses, and at which no evidence was adduced regarding the appellant's alleged conduct during the 30-day period following the filing of the notice of pendency.

Inasmuch as the plaintiff failed to comply with the requirements of CPLR 6512, and to substantiate its claim that the appellant should be estopped from asserting defective service as a defense, the notice of pendency was rendered ineffective upon the expiration of the 30-day period. Thus, the judgment of foreclosure and sale was defective for failure to comply with RPAPL 1331 (*see Slutsky v Blooming Grove Inn*, 147 AD2d 208, 209-210, 212-213 [1989]). Accordingly, that branch of the motion which was to vacate and set aside the judgment of foreclosure and sale entered May 8, 2002, should have been granted.

We note that the Supreme Court did not determine that branch of the appellant's motion which was to dismiss the action pursuant to CPLR 306-b. Accordingly, we do not reach the appellant's contentions with respect thereto (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Altman, J.P., Crane, Fisher and Lifson, JJ., concur.