■ YING JUN CHEN et al., Respondents, v LEI SHI et al., Appellants. [796 NYS2d 126]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated June 29, 2004, which denied that branch of their motion which was to dismiss the complaint insofar as asserted against the defendant Kenny Ly for lack of personal jurisdiction.

Ordered that the appeal by the defendant Lei Shi is dismissed, as he is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by adding to the first sentence thereof the words "without prejudice to renewal upon the completion of disclosure on the issue of personal jurisdiction over Kenny Ly"; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The Supreme Court correctly denied that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant Kenny Ly for lack of personal jurisdiction. As the parties seeking to assert personal jurisdiction, the plaintiffs bore the burden of proof on this issue (*see Brandt v Toraby,* 273 AD2d 429, 430 [2000]; *Roldan v Dexter Folder Co.,* 178 AD2d 589, 590 [1991]; *Spectra Prods. v Indian Riv. Citrus Specialties,* 144 AD2d 832, 833 [1988]). That burden, however,

does not entail making a prima facie showing of personal jurisdiction; rather, the plaintiffs need only demonstrate that facts "may exist" to exercise personal jurisdiction over the defendant (*Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *see Amigo Foods Corp. v Marine Midland Bank-N.Y.*, 39 NY2d 391, 395 [1976]; *Cordero v City of New York*, 236 AD2d 577, 578 [1997]). The plaintiffs established that facts "may exist" to exercise personal jurisdiction over Ly and have made a "sufficient start" to warrant further discovery on the issue of personal jurisdiction over him (*Peterson v Spartan Indus.*, *supra; see Longview Fibre Co. v Triple R Indus.*, 188 AD2d 983, 984 [1992]), which, pursuant to CPLR 3211 (d), is within the court's discretion to grant. Accordingly, we modify the order appealed from to allow renewal of the motion upon completion of disclosure on the issue of personal jurisdiction over Ly.

We note that to the extent that the defendant Lei Shi seeks to raise issues with respect to that branch of the motion which was to dismiss the complaint insofar as asserted against him for failure to state a cause of action, the Supreme Court failed to determine that branch of the motion and it remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]; *see also Fragosa v Haider*, 17 AD3d 526 [2005]; *Bank of N.Y. v Vandermeulen*, 10 AD3d 624, 625 [2004]). H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.