■ GERNOT BRINKMANN et al., Appellants, v ADRIAN CARRIERS, INC., et al., Respondents, et al., Defendant. [815 NYS2d 196]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Brennan, J.), dated January 13, 2005, which granted those branches of the motion of the defendants Adrian Carriers, Inc., and Matthew John Laughlin which were to dismiss the complaint insofar as asserted against

them pursuant to CPLR 3211 (a) (8), and (2), as limited by their brief, from so much of an order of the same court entered May 31, 2005, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated January 13, 2005 is dismissed, as that order was superseded by the order entered May 31, 2005 made upon reargument; and it is further;

Ordered that the order entered May 31, 2005 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the portion of the original determination which granted that branch of the prior motion which was to dismiss the complaint insofar as asserted against the defendant Adrian Carriers, Inc., and substituting therefor a provision, upon reargument, vacating that portion of the order dated January 13, 2005, which granted that branch of the prior motion, and instead denying that branch of the prior motion; as so modified, the order entered May 31, 2005, is affirmed insofar as appealed from, without costs or disbursements, and the complaint insofar as asserted against Adrian Carriers, Inc., is reinstated.

This personal injury action arose when the plaintiffs' vehicle was struck from behind by their son's vehicle as well as a truck owned by the respondent Adrian Carriers, Inc. (hereinafter Adrian Carriers), and driven by the respondent Matthew John Laughlin. At the time of the accident, the plaintiffs, who were residents of New York, were traveling in Illinois. Adrian Carriers, whose principal offices were in Illinois, was an Iowa corporation with no offices, employees, agents, or bank accounts in New York. Laughlin was a resident of Illinois. The plaintiffs brought suit to recover damages, inter alia, for personal injuries and the respondents moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The Supreme Court granted the motion and, upon reargument, adhered to its original determination.

As the parties seeking to assert personal jurisdiction, the plaintiffs bore the burden of proof on this issue (see Ying Jun Chen v Lei Shi, 19 AD3d 407 [2005]; Brandt v Toraby, 273 AD2d 429, 430 [2000]). "That burden, however, does not entail making a prima facie showing of personal jurisdiction; rather, the plaintiffs need only demonstrate that facts 'may exist' to exercise personal jurisdiction over the defendant" (Ying Jun Chen v Lei Shi, supra at 407-408; Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). To that end, the plaintiffs submitted evidence that Adrian Carriers designated an agent for service of process in New York pursuant to its statutory duty under the Motor Carrier Act (hereinafter the Act) (see 49 USCA former

§ 10330 [b]). The plaintiffs also submitted proof that in the year prior to the accident the defendant Adrian Carriers had paid New York's highway user fees and made six deliveries within the State of New York.

We disagree with the Supreme Court that, under these circumstances, jurisdiction over a nonresident for a tortious act occurring outside of New York requires more than a designated recipient of process. The designation of an agent under the Act operates as an express consent to personal jurisdiction (*see Rounds v Rea,* 947 F Supp 78, 82 [1996]; *Ocepek v Corporate Transp., Inc.,* 950 F2d 556 [1991]; *Esperti v Cardinale Trucking Corp.,* 263 App Div 46 [1941]; CPLR 301).

Accordingly, Adrian Carriers was not entitled to dismissal of the complaint insofar as asserted against it for lack of personal jurisdiction.

We do, however, agree that the respondent Laughlin was entitled to dismissal of the complaint insofar as asserted against him for lack of personal jurisdiction. An individual cannot be subject to jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather than on behalf of a corporation (*see Laufer v Ostrow,* 55 NY2d 305, 313 [1982]). Moreover, there are no grounds to assert jurisdiction over Laughlin based upon Adrian Carriers' designation of an agent pursuant to the Act (*see McKamey v Vander Houten,* 744 A2d 529, 533 [Del Super 1999]). The plaintiffs' request for further discovery pursuant to CPLR 3211 (d) is likewise without merit. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.