■ ALDEN PERSONNEL, INC., et al., Appellants, v MICHAEL DA-VID, Respondent. [833 NYS2d 136]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), dated January 7, 2006, which denied their motion for a preliminary injunction and granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (8).

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion to dismiss the complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiffs' motion for a preliminary injunction based upon the plaintiffs' failure to serve the order to show cause by which the motion was initiated in the manner specified, and within the time provided (*see* CPLR 2214 [d]). Even though a court may consider an untimely motion (*see* CPLR 2004), the plaintiffs here did not request the Supreme Court to forgive late service.

However, the Supreme Court erred in granting the defendant's cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. Generally, a nondomiciliary is subject to the jurisdiction of a New York court if he or she has purposefully transacted business within the state, and there is a "substantial relationship" between this activity and the plaintiff's cause of action (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *McGowan v Smith*, 52 NY2d 268 [1981]).

While the ultimate burden of proof rests with the party asserting jurisdiction (*see Brandt v Toraby*, 273 AD2d 429, 430 [2000]; *Roldan v Dexter Folder Co.*, 178 AD2d 589 [1991]), the plaintiffs, in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), need only make a prima facie showing that the defendant was subject to the jurisdiction of the Supreme Court (*see Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]). Here, the plaintiffs made a prima facie showing that the defendant transacted business in the state of New York in connection with their causes of action. In opposition to the

defendant's cross motion, the plaintiffs referred to their complaint, which identified an employment contract between the parties demonstrating that the defendant purposefully entered into an employment arrangement with the plaintiffs, both New York corporations, with their principal places of business in White Plains, New York. In addition, the defendant, in his memorandum of law, admitted that he worked in the plaintiffs' offices in White Plains. The defendant did not dispute any of the facts asserted by the plaintiffs, but merely argued that he was a Connecticut resident and that most of his contacts and clients were located there. Viewing such evidence in the light most favorable to the plaintiffs, as we must (*see Brandt v Toraby, supra* at 430), the allegations of the complaint demonstrate, prima facie, that the defendant transacted business in New York in connection with the plaintiffs' causes of action, and he was thus subject to the Supreme Court's long-arm jurisdiction pursuant to CPLR 302 (a) (1) (*see George Reiner & Co. v Schwartz,* 41 NY2d 648 [1977]; *Opticare Acquisition Corp. v Castillo, supra*). Accordingly, the Supreme Court should have denied the defendant's cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.