OPINION OF THE COURT
Sylvia G. Ash, J.
Plaintiffs, pro se, are seeking damages for fraud, negligence, breach of contract, unjust enrichment, deceptive business practices and violation of the Truth in Travel Act. Plaintiffs contend that defendant Apple Vacations, through its Internet Web site, advertised the Santana Beach Resort & Casino in the Dominican Republic as a resort having “white sandy beaches, crystal clear water, fresh fish and a superb international cuisine.” Based on the advertisement, plaintiffs made reservations for the resort through defendant Admiral Travel, a representative of defendant Apple Vacations. Plaintiffs claim that when they arrived at the resort location, the waters were murky, the beach was swarming with insects, the hotel rooms were infested with bed bugs, and the restaurant’s food made them ill with intestinal poisoning.
Procedural History
Plaintiffs, pro se, filed a summons and complaint in or about August 2007. In October 2007, defendant Apple Vacations served plaintiffs with a notice of motion to dismiss for lack of jurisdiction returnable December 14, 2007. On November 23, 2007, plaintiffs, in an attempt to amend their complaint, filed a stipulation discontinuing the action. On December 14, 2007, the court granted defendant Apple Vacations’ motion to dismiss plaintiffs’ complaint for lack of personal jurisdiction based on plaintiffs’ nonappearance on said date. In March 2008, plaintiffs moved to vacate the default judgment. Defendant Apple Vacations cross-moved to vacate the stipulation contending that said motion was unilaterally filed by plaintiffs. Plaintiffs also moved for a default judgment against defendant Admiral Travel upon the ground that it failed to answer the summons and complaint.
Issue
Whether defendant Apple Vacations’ Internet Web site activities are sufficient to invoke personal jurisdiction based on New York’s long-arm statute pursuant to CPLR 302 (a) (1).
*842 Applicable Law
CPLR 302 provides for long-arm. jurisdiction over those non-domiciliary defendants who have contact with the state. Section 302 (a) (1) confers personal jurisdiction over a defendant who in person or through an agent transacts any business within the state. By transacting business, a defendant is deemed to have purposefully availed himself of the privilege of acting in New York, thus invoking the benefits and protection of its laws (see Hanson v Denckla, 357 US 235, 253 [1958]). It is a “single act statute” and proof of one transaction is sufficient to invoke jurisdiction if there is a substantial relationship between the transaction and the claim even where the defendant never enters the state (see Kreutter v McFadden Oil Corp., 71 NY2d 460 [1988]; Citigroup Inc. v City Holding Co., 97 F Supp 2d 549 [2000]; Parke-Bernet Galleries v Franklyn, 26 NY2d 13 [1970]). The test for satisfying CPLR 302 (a) (1) is essentially a twofold one: The quality of the New York contact must be of such nature that a nonresident defendant can be deemed to have purposefully invoked the benefits and protection of New York law in satisfaction of due process (see Hutton v Piepgras, 451 F Supp 205 [1978]), and the claim in question must arise out of that purposeful New York activity (see Hanson v Denckla, supra).
Internet Web site activities of nonresidents can support the exercise of personal jurisdiction over the nonresident if the Web site is interactive to a degree that reveals specifically intended interaction with residents of the state (see World-Wide Volkswagen Corp. v Woodson, 444 US 286 [1980]). In Uebler v Boss Media (363 F Supp 2d 499 [2005]), the court found a Web site which enabled Internet users to order products as “highly interactive” and therefore supported the exercise of personal jurisdiction. However, where the Web site simply makes information available, the site is considered “passive” and does not justify the exercise of jurisdiction (see Bensusan Rest. Corp. v King, 937 F Supp 295 [1996]). This use of the Internet is the equivalent to an advertisement in a nationally available magazine (see Citigroup Inc. v City Holding Co., supra). In Blackburn v Walker Oriental Rug Galleries, Inc. (999 F Supp 636 [1998]), the court determined the exercise of jurisdiction by examining the level and the commercial nature of the exchange of information. In that case, the court characterized the Web site as passive because it did not allow for the placement of orders.
Discussion
Defendant Apple Vacations argues that its contact with New York consisted of accepting bookings by New York travel agents, *843 and that this limited contact does not rise to the level of doing business in New York sufficient to permit the exercise of long-arm jurisdiction. Defendant further argues that the cause of action does not arise out of the parties’ activities in New York, but is based on events which occurred in the Dominican Republic.
Plaintiffs argue that the alleged misrepresentation, which is the basis for their claim, occurred in New York; however, they did not learn of the misrepresentation until they arrived in the Dominican Republic. The essence of plaintiffs’ claim is that defendants misrepresented the quality of the resort. Plaintiffs are not suing defendants for the alleged food poisoning or the poor quality of the resort, plaintiffs are suing defendants for the alleged misrepresentation of the quality of the resort, its restaurant and beach. Plaintiffs argue that the misrepresentation was made on defendant’s Web site and that their business transaction with defendants gave rise to their claim, not the injuries allegedly sustained in the Dominican Republic.
The test for “doing business” within a state is a simple and pragmatic one which varies in its applications depending on the particular facts of each case (see Bryant v Finnish Natl. Airline, 15 NY2d 426 [1965]). In determining whether New York’s long-arm jurisdiction can be exercised over defendant Apple Vacations, this court will examine the level of interactivity of defendant’s Web site and the nature of the exchange of information. The court will determine from the facts whether the quality and nature of defendant’s contact within the state makes it reasonable and just to require defendant to defend this action in New York (see Laufer v Ostrow, 55 NY2d 305 [1982]).
It is undisputed that we live in an ever-changing technological era. In Hanson v Denckla (supra), the Supreme Court noted that “[a]s technological progress has increased the flow of commerce between States, the need for jurisdiction over nonresidents has undergone a similar increase.” (357 US at 250-251.) The advent of the computer and the Internet allows one to conduct all manner of transactions, both of a personal and professional nature, from the comfort of a desktop in his or her home. Companies have utilized the Internet to advertise their businesses in the hopes of increasing their profit margins. Companies have set up Internet Web sites wherein potential consumers, both domestic and foreign, could conduct business transactions directly with said companies. In Burger King Corp. v Rudzewicz (471 US 462, 476 [1985]), the Court observed: “[I]t is an inescapable fact of modern commercial life that a *844 substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted.” With the advent of the Internet, a global super-network of computer networks used by millions of individuals, corporations, organizations, and educational institutions world wide, there has been a plethora of litigation concerning the permissible scope of personal jurisdiction based on Internet use (see Panavision Intl., L.P. v Toeppen, 938 F Supp 616 [1996]). Where a company has advertised services or goods and actively solicits business on its Internet Web site, and where a consumer has entered into a contract with said company based on the services or goods advertised, both the consumer and the company should be entitled to avail themselves of the benefits and the protection of the laws of the state where the transaction was conducted for the goods or services advertised. To do otherwise, would contravene traditional notions of fair play and substantial justice that have become the touchstones of personal jurisdiction and due process.
Findings of Fact
In the case at bar, defendant’s Web site allowed New York residents to not only research various vacation packages, but to select and book a specific vacation package, either directly through defendant or through a representative of defendant. Additionally, the Web site actively solicited business in New York by recommending travel agencies located in specific New York areas which were stated to be highly qualified to book vacations on defendant’s behalf. These travel agents were divided into two types: golden apple and red apple. Golden apple agents received one-on-one training from defendant about its destinations, products and services. Red apple agents received ongoing product training from defendant. Plaintiffs went on defendant Apple Vacations’ Web site and chose defendant Admiral Travel, a travel agent in their neighborhood, to book their vacation. Admiral Travel was a designated red apple agent, that is a travel agent recommended by defendant as being highly qualified to book its vacations. Plaintiffs’ travel arrangements were booked and finalized through Admiral Travel.
Defendant, Apple Vacations, through its Internet Web site, directly and purposefully solicited business in New York by recommending travel agencies specifically located in New York to transact business on its behalf. Defendant’s argument that it is not subject to New York’s long-arm jurisdiction because its *845 contact with New York consisted solely of accepting bookings by New York travel agents has no merit. The contract in dispute was solicited, negotiated and executed in New York. Plaintiffs located Admiral Travel through defendant Apple Vacations’ Internet Web site which enabled plaintiffs to enter into a contract to purchase defendant’s goods, specifically its vacation packages. The facts established that defendant, Apple Vacations, through its golden and red apple travel agents had a continuous presence in New York and purposefully availed itself of transacting business in New York. As such, defendant had a sufficient interest in its agent, defendant Admiral Travel, to warrant a finding of Apple Vacations’ presence in New York. Here, in addition to the business relationship that defendant sought from New York residents, defendant had its agents soliciting and providing goods and services to New York residents as consumers. Defendant was clearly on notice that its business relationship with New York residents could cause it to appear in New York courts (see brief for plaintiff-appellant in Armouth Intl. v Haband, Co., 277 AD2d 189 [2d Dept 2000], available at 1999 WL 33922554). Defendant Apple Vacations’ Web site was maintained for the purpose of allowing defendant to take advantage of the New York market through its agents. The Web site involved more than a passive posting of information about its tours and various vacation packages, and as such said Web site is deemed to be interactive (see Blackburn v Walker Oriental Rug Galleries, Inc., supra).
A company should not be able to benefit from the rewards of the goods and services advertised on its Internet Web site and then deny liability on the basis that it is not domiciled in the state where such goods and services were advertised. Defendants who reach out beyond one state and create continuing relationships and obligations with the citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions (see Zippo Mfg. Co. v Zippo Dot Com, Inc., 952 F Supp 1119 [1997]; Travelers Health Assn. v Virginia ex rel. State Corporation Comm’n, 339 US 643 [1950]). Different results should not be reached simply because business is conducted over the Internet (see brief for plaintiff-appellant in Armouth Intl. v Haband Co., 277 AD2d 189 [2000], available at 1999 WL 33922554).
Conclusions of Law
The court finds that the nature of defendant’s Internet activities was highly interactive, commercial in nature and enhanced *846 defendant’s business in New York. The court concludes that the plaintiffs’ cause of action arises out of Admiral Travel’s forum-related activities under the authority of Apple Vacations and as such, there was a substantial nexus between the transaction and plaintiffs’ claim. Accordingly, said activities are sufficient to confer personal jurisdiction on defendant Apple Vacations pursuant to CPLR 302 (a) (1). Therefore, defendant Apple Vacations’ motion to dismiss plaintiffs’ claim is hereby denied.
Plaintiffs’ motion to vacate the default judgment and defendant Apple Vacations’ motion to vacate the stipulation discontinuing the action are both granted. The default and the stipulation resulted from the pro se plaintiffs’ confusion in attempting to amend their complaint.
Plaintiffs also move for a default judgment against defendant Admiral Travel for failure to answer the summons and complaint. The court notes that there has been extensive settlement discussions between the parties including defendant Admiral Travel. The court also notes that there has been substantial procedural confusion in this case due to the fact that plaintiffs are pro se. Therefore, the court hereby denies plaintiffs’ motion, without prejudice, and defendant Admiral Travel is directed to answer the complaint.