GUILLERMO CASTILLO, Appellant, v STAR LEASING COMPANY, Respondent, et al., Defendants. [893 NYS2d 123]—

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Star Leasing Company which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction is denied, without prejudice to renewal upon the completion of discovery on the issue of whether personal jurisdiction may be established over that defendant, so much of the order as, in effect, denied, as academic, that branch of the motion of the defendant Star Leasing Company which was to dismiss the complaint insofar as asserted against it on the ground of improper service of process, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of that branch of the motion.

As the party seeking to assert personal jurisdiction, the plaintiff bears the burden of proof on this issue (*see Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.,* 65 AD3d 623, 624 [2009]; *Brinkmann v Adrian Carriers, Inc.,* 29 AD3d 615,

616 [2006]; *Ying Jun Chen v Lei Shi*, 19 AD3d 407 [2005]). However, "in opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth 'a sufficient start, and show[ ] their position not to be frivolous' " (*Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d at 624, quoting *Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]). "[T]he plaintiffs need only demonstrate that facts 'may exist' to exercise personal jurisdiction over the defendant" (*Ying Jun Chen v Lei Shi*, 19 AD3d at 408, quoting *Peterson v Spartan Indus.*, 33 NY2d at 467; *see Brinkmann v Adrian Carriers*, 29 AD3d at 616).

Here, the plaintiff established that facts "may exist" to exercise personal jurisdiction over the defendant Star Leasing Company (hereinafter Star Leasing), and made a "sufficient start" to warrant further disclosure on the issue of whether personal jurisdiction may be established over Star Leasing (*Peterson v Spartan Indus.*, 33 NY2d at 467). Indeed, the subject lease shows that it was entered into between Star Leasing and a customer listed as having a New York address. Accordingly, the Supreme Court should have denied that branch of Star Leasing's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, without prejudice to renewal upon the completion of discovery on the issue of whether personal jurisdiction may be established over Star Leasing.

The plaintiff's contention regarding Vehicle and Traffic Law § 388 is improperly raised for the first time on appeal.

Since the Supreme Court did not consider the merits of that branch of Star Leasing's motion which was to dismiss the complaint insofar as asserted against it on the ground of improper service of process, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of that branch of the motion. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.