■ Brittany Lettieri, Respondent, v Gloria Cushing, Defendant, and Wal-Mart Stores, Inc., Doing Business as Sam's Club, et al., Appellants. [914 NYS2d 312]—

In an action to recover damages for personal injuries, the defendants Wal-Mart Stores, Inc., doing business as Sam's Club, and Jumpking, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 24, 2009, as denied those branches of their motion which were, in effect, pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint insofar as asserted against the defendant Jumpking, Inc., and denied, as

premature, without prejudice to renewal, that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Wal-Mart Stores, Inc., doing business as Sam's Club.

Ordered that the order is modified, on the law, by adding to the provision denying that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Jumpking, Inc., a further provision that the denial is without prejudice to renewal upon the completion of discovery on the issue of whether personal jurisdiction may be established over that defendant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As the party seeking to assert personal jurisdiction, the plaintiff bears the burden of proof on this issue (*see Castillo v Star Leasing Co.*, 69 AD3d 551 [2010]; *Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d 623, 624 [2009]; *Brinkmann v Adrian Carriers, Inc.*, 29 AD3d 615, 616 [2006]; *Ying Jun Chen v Lei Shi*, 19 AD3d 407 [2005]). However, "in opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth, 'a sufficient start, and show[ ] their position not to be frivolous' " (*Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d at 624, quoting *Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]). "[T]he plaintiffs need only demonstrate that facts 'may exist' to exercise personal jurisdiction over the defendant" (*Ying Jun Chen v Lei Shi*, 19 AD3d at 408, quoting *Peterson v Spartan Indus.*, 33 NY2d at 467; *see Castillo v Star Leasing Co.*, 69 AD3d 551 [2010]).

Here, in opposition to the defendants' motion to dismiss, the plaintiff established that facts "may exist" to exercise personal jurisdiction over the defendant Jumpking, Inc. (hereinafter Jumpking), and made a "sufficient start" to warrant further disclosure on the issue of whether personal jurisdiction may be established over that defendant (*Peterson v Spartan Indus.*, 33 NY2d at 467; *see Castillo v Star Leasing Co.*, 69 AD3d at 552). Thus, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Jumpking. However, the Supreme Court should have denied that branch of the defendants' motion without prejudice to renewal upon the completion of discovery on the issue of whether personal jurisdiction may be established over Jumpking (*see*

*Peterson v Spartan Indus.*, 33 NY2d at 467; *Castillo v Star Leasing Co.*, 69 AD3d at 552).

In addition, CPLR 3212 (f) permits a party opposing a motion for summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated (*see Botros v Flamm*, 77 AD3d 602 [2010]; *Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738 [2010]; *Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]). Under the circumstances presented here, the Supreme Court properly denied, as premature, with leave to renew upon the completion of disclosure, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Wal-Mart Stores, Inc., doing business as Sam's Club.

The defendants' remaining contentions are without merit. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.