■ FANNY PENA, Appellant, v R & B TRANSPORTATION et al., Respondents. [940 NYS2d 867]—

Order, Supreme Court, New York County (George J. Silver, J.), entered December 28, 2010, which granted defendants' motions to confirm a special referee's report and, accordingly, to dismiss the complaint for lack of personal jurisdiction, unanimously modified, on the law, to deny the motion as to defendant R & B Transportation (R & B), and otherwise affirmed, without costs.

Defendant R & B is a federally regulated motor carrier, covered by the Motor Carrier Act of 1935. Pursuant to that act, it appointed an agent for service of process in New York (49 USC § 13304). The IAS court adopted the referee's finding that this was not a consent to jurisdiction over R & B in New York. This was error. We have previously addressed this precise question, and found that the appointment of an agent under the act is consent to suit in this state (*Eagle v Hall & Sons, Inc.*, 265 App Div 809 [1942]; *see also Brinkmann v Adrian Carriers, Inc.*, 29 AD3d 615, 617 [2006]).

Truck driver Boyd, a Georgia resident, was driving from Florida to Massachusetts when the accident occurred in New Jersey. As such, there is no basis for personal jurisdiction over him (*Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d 977 [2011]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.