In an action, inter alia, to recover damages for intentional torts and negligence, the defendant Brigittine Monks Priory of Our Lady of Consolation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated June 1, 2011, as denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it, with leave to renew upon the completion of discovery.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Brigittine Monks Priory of Our Lady of Consolation pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it is granted.
“As the party seeking to assert personal jurisdiction, the plaintiff bears the ultimate burden of proof on this issue” (Marist Coll. v Brady, 84 AD3d 1322, 1322-1323 [2011]; see Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc., 65 AD3d 623, 624 [2009]). However, “in opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth ‘a sufficient start, and show[ ] their position not to be frivolous’ ” (Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc., 65 AD3d at 624, quoting Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). The party opposing the motion “need only demonstrate that facts ‘may exist’ whereby to defeat the motion. It need not be demonstrated that they do exist” (Peterson v Spartan Indus., 33 NY2d at 466 [emphasis omitted]).
Under the particular circumstances of this case, the plaintiffs’ *686 opposition to the appellant’s motion to dismiss the complaint insofar as asserted against it failed to demonstrate that facts may exist to exercise personal jurisdiction over the appellant (see Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d 977 [2011]) and, thus, the plaintiffs failed to make a sufficient start to warrant further discovery on the issue of personal jurisdiction (see SNS Bank v Citibank, 7 AD3d 352, 353-354 [2004]; cf. Marist Coll. v Brady, 84 AD3d at 1322). Accordingly, the Supreme Court should have granted the appellant’s motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it. Eng, EJ., Dillon, Lott and Cohen, JJ., concur.