*776 In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated January 26, 2012, which granted the defendant’s motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint.
Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion is denied without prejudice to renewal upon the completion of discovery on the issue of personal jurisdiction over the defendant.
As the party seeking to assert personal jurisdiction, the plaintiff bears the ultimate burden of proof on that issue (see Marist Coll. v Brady, 84 AD3d 1322 [2011]). In opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, a plaintiff need not make a prima facie showing of jurisdiction, but instead must only set forth a sufficient start, and show that its position is not frivolous (see Doe v McCormack, 100 AD3d 684, 684 [2012]). “ ‘[T]he jurisdictional issue is likely to be complex. Discovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits’ ” (id., quoting Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]).
Here, the affidavit from the plaintiffs president established that facts may exist to support the exercise of personal jurisdiction over the defendant, and thus, the plaintiff made a sufficient start in showing that further discovery on the issue of personal jurisdiction over the defendant is warranted. Under those circumstances, the Supreme Court should have exercised its discretion pursuant to CPLR 3211 (d) to deny the motion without prejudice to renewal upon the completion of discovery on that issue (see Ying Jun Chen v Lei Shi, 19 AD3d 407, 408 [2005]). Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.