■ Steven J. Wohl et al., Appellants, v Landmark Capital II, LLC, et al., Respondents. [978 NYS2d 256]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated September 24, 2012, which granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The instant case involves an aborted transaction whereby the plaintiffs in New York attempted to sell an interest in a limited liability company owning assets outside New York to the defendant Landmark Capital III, LLC, a Colorado entity, whose principal, Thomas Kornfeld, resided in Colorado. The plaintiffs contend that the New York courts acquired long-arm jurisdiction over the defendants pursuant to CPLR 302 (a) (1), which provides, in pertinent part, that personal jurisdiction may be asserted over a nondomiciliary who "transacts any business within the state."

The defendants' conduct was insufficient to confer personal jurisdiction over them in New York (*see* CPLR 302 [a]; *Matter of Stengel v Black*, 28 AD3d 401 [2006]; *L. F. Rothschild, Unterberg, Towbin v McTamney*, 89 AD2d 540 [1982], *affd for reasons stated* 59 NY2d 651 [1983]; *cf. Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006], *cert denied* 549 US 1095 [2006]). Moreover, the plaintiffs did not demonstrate grounds for discovery on the question of personal jurisdiction (*see Doe v McCormack*, 100 AD3d 685 [2012]; *Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d 977 [2011]). Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the

complaint for lack of personal jurisdiction. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.