Thomas P. Farley, J.
Motion to dismiss the complaint on the ground the court lacks jurisdiction over the person of the *1100 defendant, a Florida corporation, or to vacate the service of summons.
The plaintiff, Florence H. Bose, while vacationing in Florida allegedly sustained personal injury as the result of a fall on the defendant’s premises where she was a guest. An action to recover damages for such injury and for loss of services by her husband was commenced by personal service of summons in New York on the office manager of the Miami Beach Associate Hotels, Inc., a domestic corporation. The papers disclose that the latter corporation solicits reservations for the defendant and numerous other resort hotels in Florida. There is no proof of any affiliation between the two corporations, and the plaintiffs in this case made their reservations through a travel agency located in Hempstead, New York.
The plaintiffs’ claim that the defendant is transacting business in New York is based on the fact that the defendant advertises in the New York Times, maintains a telephone listing in the Manhattan Classified Directory, solicits reservations for accommodations from an office in the Pan American Building in New York City, and engages several travel agencies to book reservations.
There is no denial that the defendant hotel is listed in the Manhattan telephone book and on the directory of the Pan American Building. However, there is no proof that it maintains an office in this State, engages any employees here, or keeps any bank accounts within the State. The evidence considered in the light most favorably to plaintiffs simply shows the solicitation of business through travel agencies and an independent New York corporation (Miami Beach Associate Hotels, Inc.) which holds itself out to be the New York office of the defendant and other Florida hotels. The totality of the activities ascribed to the defendant in this forum do not demonstrate that it has engaged in sufficient purposeful conduct to be deemed to have transacted business here within the purview of CPLB 302 (subd. [a], par. 1) (cf. Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443; Singer v. Walker, 15 N Y 2d 443, 464). The mere solicitation of business by the defendant corporation is also insufficient to subject it to jurisdiction of the court under the traditional ‘ ‘ doing business ” concept (Miller v. Surf Props., 4 N Y 2d 475). The observation may also be made that jurisdiction may not be asserted under CPLB 302 (subd. [a], par. 3) as amended by chapter 590 of the Laws of 1966, as the tortious act did not cause injury within the State. The motion is granted.