JERRY APICELLA, an Infant, by His Parent and Natural Guardian, VALERIE APICELLA, et al., Respondents, v VALLEY FORGE MILITARY ACADEMY AND JUNIOR COLLEGE, Appellant.

Second Department, August 6, 1984

### APPEARANCES OF COUNSEL

*Meiselman, Boland, Reilly & Pittoni (John J. Reilly* of counsel), for appellant.

*Natiss Ferenzo & Barrocas, P.C. (Andre L. Ferenzo* of counsel), for respondents.

### OPINION OF THE COURT

MANGANO, J.

The primary question to be resolved on this appeal is whether defendant, a foreign corporation, is subject to in personam jurisdiction, either under the traditional "doing business" test as codified in CPLR 301 (*McGowan v Smith,*

52 NY2d 268, 272, quoting from *Simonson v International Bank,* 14 NY2d 281, 285; *Tauza v Susquehanna Coal Co.,* 220 NY 259, 267), or New York's long-arm statute (CPLR 302).

In our view, the question must be answered in the negative.

In August, 1982 the infant plaintiff applied for admission in the defendant school, located in Pennsylvania, for the 1982-1983 academic year. Later that month, the infant plaintiff and his parents, the plaintiffs herein, visited the school in Pennsylvania, and allegedly (1) advised the defendant "through its agents" about the infant's medical condition and (2) gave the defendant both medication and equipment for infant plaintiff's use, and his request. The infant was accepted for admission at the school, and began his residence there on August 29, 1982. In their complaint, plaintiffs alleged, *inter alia,* that in the period subsequent to August 30, 1982 until September 13, 1982, the infant requested his medication from the defendant on several distinct occasions and was refused such medication by the defendant on each occasion.

The complaint alleged that as a result of this negligence, the infant's preexisting condition has been exacerbated, and damages, in the form of compensation for the physical injuries suffered, loss of services, and a refund of tuition based on a theory of breach of contract to provide a competent medical facility, were requested. The complaint also alleged that personal jurisdiction had been acquired over the defendant, a foreign corporation, "pursuant to the provisions of Section 302 (a) (1) of the Civil Practice Law and Rules, in that said defendant, a nondomiciliary, transacted and continues to transact business within the State of New York".

In its answer, the defendant interposed an affirmative defense wherein it alleged that the court did not have personal jurisdiction over it.

After joinder of issue, the plaintiffs moved to dismiss the affirmative defense of lack of in personam jurisdiction, and defendant cross-moved to dismiss the complaint for lack of in personam jurisdiction.

At a hearing ordered by Special Term to resolve the issue raised by the motion and cross motion, testimony was adduced which indicated that defendant had the following contacts with New York State:

(1) The registrar of the defendant school, who was responsible for New York, northern New Jersey and the New England area, testified that both he and his predecessor interviewed prospective students at their homes outside of Pennsylvania only when the parents advised the admissions office that they could not visit the school in Pennsylvania, and these out-of-State visits were "[v]ery rarely" made. During these visits, the registrar, a resident of Pennsylvania, shows slides of the school, gives test forms to the applicant to fill out, and answers any questions posed by the applicant or his parents regarding the admission application, which is forwarded by mail from the defendant in Pennsylvania, to the applicant. The registrar testified that from January, 1982 (the time he assumed his position) until August, 1982, he received applications from approximately 70 New York State applicants, and visited New York on only five occasions. The New York State students made up only 10% of the school's total enrollment and the school did not maintain any physical plant in New York.

(2) In his role as defendant's football coach for approximately 10 years, the registrar also visited New York State on a "personal basis", i.e., he was not "paid for or asked to do so" by the defendant. During those years he recruited a total of five players, only three of whom attended the defendant school.

(3) The defendant advertises in the Sunday magazine section of the *New York Times* on a regular basis.

After the conclusion of the hearing, Special Term held, *inter alia,* that personal jurisdiction had been acquired over defendant pursuant to CPLR 302 (subd [a], pars 1, 3) and 301. Accordingly, it granted plaintiffs' motion and denied defendant's cross motion.

We disagree with the holding of Special Term.

CPLR 302 (subd [a], par 1) provides:

"§ 302. Personal jurisdiction by acts of non-domiciliaries

"(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

"1. transacts any business within the state or contracts anywhere to supply goods or services in the state".

However, it has been consistently held that "an essential criterion for long-arm jurisdiction under CPLR 302 (subd [a], par 2) is that the cause of action must arise out of the business transacted in New York" (*Nemetsky v Banque de Developpement,* 64 AD2d 694; *Greenberg v R.S.P. Realty Corp.,* 22 AD2d 690; *American Radio Assn. v Abell Co.,* 58 Misc 2d 483). In the case at bar, it cannot be said that plaintiffs' causes of action arose out of the registrar's visits to New York or out of the defendant's advertisements in the Sunday *New York Times.*

Special Term's reliance on CPLR 302 (subd [a], par 3) was similarly misplaced. That provides that a nondomiciliary may be subject to jurisdiction if it "commits a tortious act without the state causing injury to person or property within the state".

It is uncontradicted in the case at bar that (1) the alleged tort of improper refusal to supply the infant plaintiff with his medication occurred in Pennsylvania, and (2) the infant plaintiff suffered immediate injury while in Pennsylvania. Accordingly, long-arm jurisdiction was not acquired over defendant pursuant to CPLR 302 (subd [a], par 3) (see *Rose v Sans Souci Hotel,* 51 Misc 2d 1099).

Finally, jurisdiction under CPLR 301 may be acquired over a foreign corporation only if the foreign corporation is doing business in New York State in the traditional sense, i.e., it must do business "not occasionally or casually, but with a fair measure of permanence and continuity" so as to warrant a finding of its "presence" in this jurisdiction (*Tauza v Susquehanna Coal Co.,* 220 NY 259, 267, *supra; McGowan v Smith,* 52 NY2d 268, 272, *supra,* quoting from *Simonson v International Bank,* 14 NY2d 281, 285, *supra*). The rare visits by defendant's registrar into New York State to interview prospective students, and the defendant's advertisements in the Sunday magazine section of

the *New York Times* do not constitute the doing of business pursuant to CPLR 301 and the applicable case law (*Miller v Surf Props.*, 4 NY2d 475; *Delagi v Volkswagenwerk AG.*, 29 NY2d 426; *Kane v Stockbridge School,* 33 Misc 2d 103; see, also, *Helicopteros Nacionales de Colombia v Hall,* 466 US __, 104 S Ct 1868).

We have examined the remaining issues raised by plaintiffs before Special Term and again in their brief on appeal, including, *inter alia,* the issue of estoppel, and find them to be without merit.

Accordingly, the order appealed from should be reversed, plaintiffs' motion should be denied, and defendant's cross motion to dismiss the complaint should be granted.

TITONE, J. P., GIBBONS and O'CONNOR, JJ., concur.

Order of the Supreme Court, Nassau County, dated January 31, 1984, reversed, on the law, with costs, plaintiffs' motion denied, defendant's cross motion granted, and complaint dismissed.