■ DANIEL B. KATZ & ASSOCIATES CORP., Appellant, v MIDLAND RUSHMORE, LLC, et al., Respondents. [937 NYS2d 236]—

The plaintiff commenced this action to recover fees allegedly earned in connection with the procurement of tenants for shopping centers located in Minnesota and South Dakota. The plaintiff also alleged, among other things, that the individual defendant tortiously interfered with the plaintiff's contract, existing business relationships, and prospective business relationships when it made false statements in connection with one of these projects.

The defendants moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. The plaintiff opposed the motion, submitting evidence that the defendants made phone calls and sent e-mails to its offices in Illinois and New York concerning the shopping centers at issue. The plaintiff also asserted that it had represented the defendants at an industry trade show in New York. The Supreme Court granted the defendants' motion. We affirm.

"While the ultimate burden of proof rests with the party asserting jurisdiction . . . , the plaintiff[ ], in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), need only make a prima facie showing that the defendant[s] w[ere] subject to the personal jurisdiction of the Supreme Court" (*Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986, 986 [2007] [citation omitted]; *see Lang v Wycoff Hgts. Med. Ctr.*, 55 AD3d 793, 794 [2008]; *Alden Personnel, Inc. v David*, 38 AD3d 697, 698 [2007]). When opposing a motion to dismiss a complaint pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead "need only demonstrate that facts 'may exist' to exercise personal jurisdiction over the defendant" (*Ying Jun Chen v Lei Shi*, 19 AD3d 407, 407-408 [2005], quoting CPLR 3211 [d]; *see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]). If "it appear[s] from affidavits submitted in opposition to [the] motion . . . that facts essential to justify opposition may exist but cannot then be stated," a court may, in the exercise of its discretion, postpone resolution of the issue of personal jurisdiction (CPLR 3211 [d]; *see Peterson*

*v Spartan Indus.*, 33 NY2d at 467; *Ying Jun Chen v Lei Shi*, 19 AD3d at 407-408).

Here, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. "Jurisdiction under CPLR 301 may be acquired over a foreign corporation [or other business entity] only if that corporation [or entity] does business here 'not occasionally or casually, but with a fair measure of permanence and continuity' so as to warrant a finding of its 'presence' in this jurisdiction" (*Sedig v Okemo Mtn.*, 204 AD2d 709, 710 [1994] [some internal quotation marks omitted], quoting *Apicella v Valley Forge Military Academy & Jr. Coll.*, 103 AD2d 151, 154 [1984]; *see Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 34 [1990]; *Tauza v Susquehanna Coal Co.*, 220 NY 259, 267 [1917]). Moreover, "[a]n individual cannot be subject to jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather than on behalf of a corporation" (*Brinkmann v Adrian Carriers, Inc.*, 29 AD3d 615, 617 [2006]; *see Laufer v Ostrow*, 55 NY2d 305, 313 [1982]). Contrary to the plaintiff's contention, the defendants were not doing business in New York (*see Miller v Surf Props.*, 4 NY2d 475, 480 [1958]; *Arroyo v Mountain School*, 68 AD3d 603, 603 [2009]; *Sedig v Okemo Mtn.*, 204 AD2d at 710; *Muollo v Crestwood Vil.*, 155 AD2d 420, 420 [1989]; *Apicella v Valley Forge Military Academy & Jr. Coll.*, 103 AD2d at 154).

Under CPLR 302 (a) (1), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." "CPLR 302 (a) is a 'single act statute [and] . . . proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (*Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006], quoting *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006], *cert denied* 549 US 1095 [2006]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007], quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]).

Here, the defendants did not conduct sufficient purposeful activities in New York, which bore a substantial relationship to

the subject matter of this action, so as to avail themselves of the benefits and protections of New York's laws (*see Executive Life Ltd. v Silverman*, 68 AD3d 715 [2009]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d at 434; *Milliken v Holst*, 205 AD2d 508, 509-510 [1994]; *cf. Fischbarg v Doucet*, 9 NY3d at 377; *Kaprall v WE: Women's Entertainment, LLC*, 74 AD3d 1151, 1153 [2010]; *Transportation Ins. Co. v Simplicity, Inc.*, 61 AD3d 963, 964 [2009]; *Corporate Campaign v Local 7837, United Paperworkers Intl. Union*, 265 AD2d 274, 275-276 [1999]).

The Supreme Court also properly determined that personal jurisdiction over the individual defendant was not conferred pursuant to CPLR 302 (a) (3), based upon alleged tortious activity occurring outside New York, causing injury within New York (*see Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d 631, 631-632 [2011], *lv denied* 17 NY3d 716 [2011]). Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.