■ RALPH COLE HARDWARE, Plaintiff, v ARDOWORK CORPORA-
TION et al., Defendants. ARDOWORK CORPORATION et al., Third-
Party Plaintiffs-Respondents, v LLOYD HARDWARE, Third-Party
Defendant-Appellant. [986 NYS2d 445]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons,
J.), entered March 28, 2013, which denied third-party defend-
ant's motion to dismiss for lack of jurisdiction, and granted de-
fendants/third-party plaintiffs' cross motion to deem personal
service sufficient and proper, unanimously affirmed, without
costs.

Third-party plaintiffs have made a prima facie showing that
third-party defendant, the father of the infant plaintiff, was
"doing business" in New York, through a voluntary, continuous
and self-benefitting course of conduct, sufficient to render him
subject to the general jurisdiction of this State's courts (CPLR
301; *see e.g. ABKCO Indus. v Lennon*, 52 AD2d 435, 440 [1st
Dept 1976]; *see also Bryant v Finnish Natl. Airline*, 15 NY2d
426, 428 [1965]; *Lancaster v Colonial Motor Frgt. Line*, 177
AD2d 152, 156 [1st Dept 1992]). The evidence included, among
other things, Mr. Hardware's testimony concerning his long-
term employment as a scientist at an "undisclosed location" in
New York, and documentary evidence presented by third-party
plaintiffs showing that he also had a long-term business rela-
tionship with a New York company, for which he acted as
designated agent, but which he failed to disclose. Under the cir-
cumstances of this case, the court properly discredited Mr.
Hardware's self-serving affidavit, submitted in opposition to
third-party plaintiffs' cross motion, which was tailored to avoid
the consequences of his earlier, inconsistent deposition testi-
mony and representations concerning his continued employ-
ment in New York (*see Phillips v Bronx Lebanon Hosp.*, 268
AD2d 318, 320 [1st Dept 2000]).

Personal jurisdiction over Mr. Hardware may not, however, be
based on CPLR 302 (a) (3) because, although he engaged in a
persistent course of conduct within the State, the situs of the
injury alleged in the third-party complaint is Connecticut, where
the infant plaintiff was allegedly exposed to lead-based paint at
a property owned by Mr. Hardware, regardless of whether the
child resided in New York at the time (*see Magwitch, L.L.C. v
Pusser's Inc.*, 84 AD3d 529, 532 [1st Dept 2011], *lv denied* 18
NY3d 803 [2012]).

As Mr. Hardware was subject to personal jurisdiction pursu-
ant to CLPR 301, personal service upon him in Connecticut was

proper pursuant to CPLR 313. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ.