◼ JULIO PICHARDO, Respondent, v CARMEN ZAYAS et al., Appellants. [996 NYS2d 176]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Graham, J.), dated August 1, 2013, which denied their

motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction is granted.

The defendants, Carmen Zayas and Nepthali Zayas (hereinafter together the Zayases), are a husband and wife who reside in New Jersey. The plaintiff allegedly was injured while cutting a piece of plywood with a circular saw in preparation for laying tile at the Zayases' home in Jersey City, New Jersey. The complaint alleged, inter alia, that the plaintiff was injured due to the Zayases' negligence. The Zayases were served with process in New Jersey.

The Zayases' moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. They submitted affidavits representing that they were individuals who resided in New Jersey, that they did not own any real property in New York, that they did not solicit business within New York, and that they did not derive substantial individual business revenue or engage in persistent individual business activities in New York.

The plaintiff opposed the motion, arguing that "[t]he substantial contacts the defendants had with the State of New York by virtue of their nearly two decades organization and operation of a church" warranted the exercise of personal jurisdiction over the Zayases. In support of his position, the plaintiff submitted an affidavit, in which he stated that he had been attending a certain church operated by the Zayases in Brooklyn for 20 years. The plaintiff asserted that Nephtali Zayas solicited donations from individuals who attended the church that were ultimately used to pay Nephtali's salary. The plaintiff further stated that he met the Zayases while attending the church in Brooklyn, and that they hired him on about 30 separate occasions to perform work in Brooklyn and at other locations, including New Jersey. The plaintiff asserted that had been asked by the Zayases, and had agreed, while he was at the church in Brooklyn, to perform the subject tile work at the Zayases' house in New Jersey.

The Supreme Court denied the Zayases' motion to dismiss the complaint. The court concluded that there was a sufficient nexus between the Zayases and the State of New York to satisfy the jurisdictional requirements of CPLR 302. We reverse.

"Although a plaintiff is not required to plead and prove personal jurisdiction in the complaint, where jurisdiction is contested, the ultimate burden of proof rests upon the plaintiff"

(*Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 914 [2014] [citations omitted]). "CPLR 302 (a) (1) . . . authorizes the court to exercise jurisdiction over nondomiciliaries for tort and contract claims arising from a defendant's transaction of business in this State" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *see Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 913-914). In order to determine whether personal jurisdiction exists under CPLR 302 (a) (1), a court must determine (1) whether the defendant transacted business in New York and, if so, (2) whether the cause of action asserted arose from that transaction (*see Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 334 [2012]; *Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]).

The Court of Appeals has interpreted the second prong of the jurisdictional inquiry to require that, in light of all the circumstances, there must be an "articulable nexus" (*McGowan v Smith*, 52 NY2d 268, 272 [1981]), or "substantial relationship" (*Kreutter v McFadden Oil Corp.*, 71 NY2d at 467), between a defendant's in-state activity and the claim asserted (*see Licci v Lebanese Can. Bank, SAL*, 20 NY3d at 339). Although "causation is not required," the Court of Appeals has stated that "at a minimum [there must be] a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former" (*id.*). "[W]here at least one element arises from the New York contacts, the relationship between the business transaction and the claim asserted supports specific jurisdiction under the statute" (*id.* at 341).

Here, the relationship between the causes of action asserted in the complaint and the Zayases' activities within New York were too insubstantial to warrant a New York court's exercise of personal jurisdiction over them pursuant to CPLR 302 (a) (1). Although the plaintiff established that the agreement to perform the subject work on the Zayases' property was reached in New York, the causes of action do not pertain to a breach of that agreement (*cf. George Reiner & Co. v Schwartz*, 41 NY2d 648, 653 [1977]). Rather, the plaintiff asserts tort claims grounded in the Zayases' duty to maintain their New Jersey property in a reasonably safe condition. This duty was allegedly breached by the Zayases' provision of a defective saw, which caused the plaintiff to cut himself while at their New Jersey premises. Accordingly, the alleged duty owed by the Zayases to the plaintiff, the alleged breach of that duty, and the plaintiff's injury all arose or occurred in New Jersey (*cf. Licci v Lebanese Can. Bank, SAL*, 20 NY3d at 341). Since the plaintiff failed to

demonstrate a sufficient relationship between the Zayases' activities in New York and the causes of action asserted in the complaint, the Supreme Court was not authorized to exercise personal jurisdiction over the Zayases pursuant to CPLR 302 (a) (1) (*see Johnson v Ward*, 4 NY3d 516, 520 [2005]; *Brandt v Toraby*, 273 AD2d 429, 430 [2000]; *Meunier v Stebo, Inc.*, 38 AD2d 590, 590-591 [1971]).

The plaintiff nevertheless contends, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]), that the Supreme Court should have exercised general jurisdiction over the Zayases pursuant to CPLR 301. The plaintiff contends that the courts of New York may exercise general jurisdiction pursuant to CPLR 301 because he demonstrated that the Zayases were " 'doing business' " in New York (*Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990], quoting CPLR 301; *see Laufer v Ostrow*, 55 NY2d 305, 309-310 [1982]; *Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 536 [1967]; *Simonson v International Bank*, 14 NY2d 281, 285 [1964]). This contention is without merit.

CPLR 301, which became effective along with CPLR 302 in 1963, provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore" (CPLR 301). CPLR 301 does not grant "to the courts of New York all jurisdiction over persons which they might exercise in a manner consistent with due process" (*Matter of Nilsa B. B. v Clyde Blackwell H.*, 84 AD2d 295, 301 [1981]). Rather, "CPLR 301 preserves all previously existing jurisdictional bases" (*Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 71 [1984]). This Court has previously noted that "the bases for jurisdiction recognized by our common law before the date of the enactment of the CPLR [were] physical presence within the State, domicile or consent" (*Matter of Nilsa B. B. v Clyde Blackwell H.*, 84 AD2d at 303 [citations omitted]). "With respect to the last-mentioned basis . . . the mere transaction of business in a State by a natural person 'does not imply consent to be bound by the process of [the] courts' of that State" (*id.*, quoting *Skandinaviska Granit Aktiebolaget v Weiss*, 226 App Div 56, 59 [1929]).

Pursuant to the "doing business" test first articulated by Judge Cardozo in *Tauza v Susquehanna Coal Co.* (220 NY 259, 267 [1917]), *corporations* have been determined to be "present" in New York, based on their activities within the State. Nonetheless, that test is "simply based on the principle that a corporation, which can act only through its agents, is actually present in a State when it is engaged in business there through

them" (*Matter of Nilsa B. B. v Clyde Blackwell H.*, 84 AD2d at 304). The Court of Appeals reasoned that, once a corporation is deemed to be "present" in New York, " 'it may be served' " here (*id.*, quoting *Tauza v Susquehanna Coal Co.*, 220 NY at 268-269). This Court has previously recognized that *Tauza v Susquehanna Coal Co.* "signaled no retreat from the common-law requirement that a natural person be either within the State or a domiciliary thereof at the time of service in order for there to be jurisdiction over his [or her] person absent his [or her] consent" (*Matter of Nilsa B. B. v Clyde Blackwell H.*, 84 AD2d at 303).

In contrast to the common-law approach to corporations, the common law, as developed through case law predating the enactment of CPLR 301, did not include any recognition of general jurisdiction over an individual based upon that individual's cumulative business activities within the State (*see id.*; *accord Laufer v Ostrow*, 55 NY2d at 313; *Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d 977, 979 [2011]; *Brinkmann v Adrian Carriers, Inc.*, 29 AD3d 615, 617 [2006]). Since the enactment of CPLR 301 did not expand the scope of the existing jurisdictional authority of the courts of the State of New York, that section does not permit the application of the "doing business" test to individual defendants (*see Matter of Nilsa B. B. v Clyde Blackwell H.*, 84 AD2d at 305; *but see Ralph Cole Hardware v Ardowork Corp.*, 117 AD3d 561 [2014]; *ABKCO Indus. v Lennon*, 52 AD2d 435 [1976]). Accordingly, contrary to the plaintiff's contention, since the Zayases were served with process in New Jersey, the Supreme Court was not authorized to exercise personal jurisdiction over them pursuant to CPLR 301, based on their cumulative individual business activities within the State.

The parties' remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court should have granted the Zayases' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.