■ Elsie A. Santiago et al., Appellants, v Highway Freight Carriers, Inc., et al., Respondents. [59 NYS3d 776]—

Appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered September 16, 2015. The order granted the defendants' motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

This action arises out of a motor vehicle accident that occurred on Interstate 81 in Virginia. The plaintiffs allege that the defendant Surinder P. Singh was driving a truck owned by the defendant Highway Freight Carriers, Inc. (hereinafter HFC), when a tire and brake drum became dislodged from the truck and struck a vehicle in which the plaintiffs were traveling, causing the plaintiff Elsie A. Santiago (hereinafter the injured plaintiff) to sustain injuries. The plaintiffs are residents of Nassau County. Singh is a resident of New Jersey, and HFC is organized under the laws of Pennsylvania and maintains its principal place of business in that state.

The injured plaintiff, and her husband suing derivatively, commenced this personal injury action in the Supreme Court, Nassau County. The defendants moved, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal

jurisdiction. The court granted the motion, and the plaintiffs appeal.

" 'While the ultimate burden of proof rests with the party asserting jurisdiction . . . , the plaintiff[s], in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), need only make a prima facie showing that the defendant[s] w[ere] subject to the personal jurisdiction of the Supreme Court' " (*Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d 977, 978 [2011], quoting *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986, 986 [2007]; *see America/Intl. 1994 Venture v Mau*, 146 AD3d 40, 51 [2016]). Where, as here, the plaintiffs oppose a CPLR 3211 (a) (8) motion to dismiss on the ground that discovery on the issue of personal jurisdiction is necessary, the plaintiffs "need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant[s]" (*Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d at 978 [internal quotation marks omitted]; *see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *Ying Jun Chen v Lei Shi*, 19 AD3d 407, 407-408 [2005]). If "it appear[s] from affidavits submitted in opposition to [the] motion . . . that facts essential to justify opposition may exist but cannot then be stated," a court may, in the exercise of its discretion, postpone resolution of the issue of personal jurisdiction (CPLR 3211 [d]; *see Peterson v Spartan Indus.*, 33 NY2d at 467; *Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 915 [2014]).

Contrary to the plaintiffs' contention, they failed to make a sufficient showing to warrant holding the defendants' motion in abeyance while discovery is conducted on the issue of jurisdiction (*see Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 915), and the Supreme Court properly granted the defendants' motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Under CPLR 302 (a) (1), a "court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." "In order to determine whether personal jurisdiction exists under CPLR 302 (a) (1), a court must determine (1) whether the defendant transacted business in New York and, if so, (2) whether the cause of action asserted arose from that transaction" (*Pichardo v Zayas*, 122 AD3d 699, 701 [2014]; *see Licci v Lebanese Can. Bank, SAL*, 20 NY2d 327, 334 [2012]; *Johnson v Ward*, 4 NY3d 516, 520 [2005]). In this case, in opposition to the defendants' motion, the plaintiffs failed to make a prima facie showing that personal jurisdiction over the defendants

existed under CPLR 302 (a) (1). The defendants did not conduct sufficient purposeful activities in New York, which bore a substantial relationship to the subject matter of this action, so as to avail themselves of the benefits and protections of New York's laws (*see Johnson v Ward*, 4 NY3d at 520; *Hopstein v Cohen*, 143 AD3d 859, 859 [2016]; *Pichardo v Zayas*, 122 AD3d at 701-702; *Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d at 978).

The Supreme Court also properly determined that personal jurisdiction over the defendants was not conferred pursuant to CPLR 302 (a) (3) based upon alleged tortious activity occurring outside New York, causing injury within New York (*see Penguin Group [USA] Inc. v American Buddha*, 16 NY3d 295, 302 [2011]; *Ingraham v Carroll*, 90 NY2d 592, 597 [1997]). Here, the situs of the injury is Virginia, where the accident occurred (*see Bloomgarden v Lanza*, 143 AD3d 850, 852 [2016]; *Minella v Restifo*, 124 AD3d 486, 486 [2015]). Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.