Abad v Lorenzo (2018 NY Slip Op 05436)





Abad v Lorenzo


2018 NY Slip Op 05436


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-00859
 (Index No. 17262/13)

[*1]Kirld Abad, appellant, 
v
Stephen Lorenzo, et al., respondents, et al., defendant.


Souren A. Israelyan, New York, NY, for appellant.
Litchfield Cavo LLP, New York, NY (Russell J. McBrearty of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 2, 2015. The order, insofar as appealed from, granted the motion of the defendants Mister East, Amikle Restaurant, Inc., and Central Park Bar Restaurant Sushi pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and denied that branch of the plaintiff's cross motion which was to dismiss those defendants' affirmative defense of lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 10, 2012, the plaintiff was a passenger in a vehicle returning to New York from Mister East nightclub in New Jersey. While still in New Jersey, the plaintiff exited the vehicle and was allegedly struck by the vehicle, which was being operated by the defendant Stephen Lorenzo. The plaintiff thereafter commenced this action to recover damages for personal injuries in the Supreme Court, Queens County, against, among others, Mister East and its owners and operators, Amikle Restaurant, Inc., and Central Park Bar Restaurant Sushi (hereinafter collectively the Amikle defendants), alleging that the Amikle defendants were negligent and violated the New Jersey Licensed Alcoholic Beverage Server Fair Liability Act (N.J.S.A. 2A:22A-1 et seq.), commonly known as the Dram Shop Act, for serving alcoholic beverages to Lorenzo while he was visibly intoxicated. The plaintiff is a resident of New York, Amikle Restaurant, Inc., is organized under the laws of New Jersey, and the Amikle defendants' principal place of business is in New Jersey.
The Amikle defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiff cross-moved, inter alia, to dismiss the Amikle defendants' affirmative defense of lack of personal jurisdiction. As relevant to this appeal, the court granted the Amikle defendants' motion and denied that branch of the plaintiff's cross motion. The plaintiff appeals.
" While the ultimate burden of proof rests with the party asserting jurisdiction . . . , the plaintiff[s], in opposition to a motion to dismiss pursuant to CPLR 3211(a)(8), need only make [*2]a prima facie showing that the defendant[s] w[ere] subject to personal jurisdiction of the Supreme Court'" (Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d 977, 978, quoting Cornely v Dynamic HVAC Supply, LLC, 44 AD3d 986, 986; see America/Intl. 1994 Venture v Mau, 146 AD3d 40, 51; Waggaman v Arauzo, 117 AD3d 724). Where, as here, the plaintiff opposes a CPLR 3211(a)(8) motion to dismiss on the ground that discovery on the issue of personal jurisdiction is necessary, a plaintiff "need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant" (Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d at 978 [internal quotation marks omitted]; see Peterson v Spartan Indus., 33 NY2d 463, 467; Goel v Ramachandran, 111 AD3d 783, 788; Ying Jun Chen v Lei Shi, 19 AD3d 407, 407-408). If "it appear[s] from affidavits submitted in opposition to [the] motion . . . that facts essential to justify opposition may exist but cannot then be stated," a court may, in the exercise of its discretion, postpone resolution of the issue of personal jurisdiction (CPLR 3211[d]; see Peterson v Spartan Indus., 33 NY2d at 467; Mejia-Haffner v Killington, Ltd., 119 AD3d 912, 915; Expert Sewer & Drain LLC v New England Mun. Equip. Co., Inc., 106 AD3d 775; Marist Coll. v Brady, 84 AD3d 1322, 1323; Ying Jun Chen v Lei Shi, 19 AD3d at 407-408).
Contrary to the plaintiff's contention, he failed to make a sufficient showing to warrant holding the Amikle defendants' motion in abeyance while discovery is conducted on the issue of jurisdiction (see Mejia—Haffner v Killington, Ltd., 119 AD3d at 915).
We agree with the Supreme Court's determination to grant the Amikle defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and to deny that branch of the plaintiff's cross motion which was to dismiss the Amikle defendants' affirmative defense of lack of personal jurisdiction. Under CPLR 302(a)(1), a "court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." "In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), a court must determine (1) whether the defendant transacted business in New York and, if so, (2) whether the cause of action asserted arose from that transaction" (Pichardo v Zayas, 122 AD3d 699, 701; see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 334; Johnson v Ward, 4 NY3d 516, 519). In opposition to the Amikle defendants' motion, the plaintiffs failed to make a prima facie showing that personal jurisdiction over the Amikle defendants existed under CPLR 302(a)(1). The Amikle defendants did not conduct sufficient purposeful activities in New York, which bore a substantial relationship to the subject matter of this action, so as to avail themselves of the benefits and protections of New York's laws (see Johnson v Ward, 4 NY3d at 520; Hopstein v Cohen, 143 AD3d 859; Pichardo v Zayas, 122 AD3d at 701-702; Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d at 979-980).
We also agree with the Supreme Court's determination that personal jurisdiction over the Amikle defendants was not conferred pursuant to CPLR 302(a)(3) based upon alleged tortious activity occurring outside New York, causing injury within New York (see Penguin Group [USA] Inc. v American Buddha, 16 NY3d 295, 302; Ingraham v Carroll, 90 NY2d 592, 596-597). The situs of the injury is New Jersey, where the accident occurred, not New York, where the resultant damages were subsequently felt by the plaintiff (see Bloomgarden v Lanza, 143 AD3d 850, 852; Minella v Restifo, 124 AD3d 486; Vaichuna v Tonyes, 61 AD3d 850; Lang v Wycoff Hgts. Med. Ctr., 55 AD3d 793). Further, contrary to the plaintiff's contention, the record does not demonstrate that the Amikle defendants regularly did or solicited business, or engaged in any other persistent course of conduct in New York as required by CPLR 302(a)(3)(i). The plaintiff only adduced evidence that Mister East nightclub was promoted through various websites and on social media. Such passive internet activity, which merely imparts information without permitting a business transaction, is generally insufficient to establish personal jurisdiction (see Paterno v Laser Spine Inst., 24 NY3d 370, 377-378; Grimaldi v Guinn, 72 AD3d 37, 48).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court