Piccoli v Cerra, Inc. (2019 NY Slip Op 05708)





Piccoli v Cerra, Inc.


2019 NY Slip Op 05708


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-03051
 (Index No. 607027/17)

[*1]Frank Piccoli, et al., respondents,
v
Cerra, Inc., et al., appellants.


Clark Guldin, New York, NY (Jonathan T. Guldin and Jonathan Ozarow of counsel), for appellants.
Stim & Warmuth, P.C., Farmingville, NY (Paula J. Warmuth of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated January 18, 2018. The order, after a hearing, denied the defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, and pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against the defendant Cerra, Inc.
ORDERED that the order is affirmed, with costs.
The plaintiffs are the assignees of the New York-based Empire Sand & Stone Corporation (hereinafter Empire), which wound down its business in or about 2014. The defendant Al Cerra, a New Jersey resident, was, at all relevant times, the sole shareholder of the defendant Cerra, Inc., a New Jersey entity, which provides portable on-site crushing and demolition equipment. In this action to recover damages for breach of contract, the plaintiffs allege that Cerra, individually, and on behalf of Cerra, Inc., agreed to purchase certain construction equipment from Empire in accordance with a handwritten agreement drafted by the plaintiff Frank Piccoli, the president of Empire, which Piccoli presented to Cerra in New York. The plaintiffs allege that the agreement was fully executed in New York, while the defendants contend that Cerra executed it in New Jersey. In connection with this transaction, it is undisputed that some of the negotiations occurred in New York, and Cerra traveled several times to New York to inspect the equipment, made certain repairs to the equipment while in New York, and shipped the equipment from New York to the work site of Cerra, Inc., in New Jersey. The handwritten agreement, which did not mention either Empire or Cerra, Inc., called for 36 monthly payments to the New York accounts of various creditors of Empire in accordance with a payment schedule. Cerra, Inc., which Cerra identified as the "buyer" of the equipment in connection with a financing agreement, made 11 monthly payments before payment stopped. According to the agreement, Cerra was personally responsible for all payments.
Prior to answering, the defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, and pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against Cerra, Inc. The plaintiffs opposed the motion. The Supreme Court denied the defendants' motion, and the defendants appeal.
The ultimate burden of proof regarding personal jurisdiction rests with the plaintiff (see Shatara v Ephraim, 137 AD3d 1248, 1249; Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d 977, 978). To defeat a CPLR 3211(a)(8) motion to dismiss a complaint, the plaintiff, however, need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court (see Shatara v Ephraim, 137 AD3d at 1249; Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d at 978). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Nick v Schneider, 150 AD3d 1250, 1251; see Leon v Martinez, 84 NY2d 83, 87).
Here, the plaintiffs rely on New York's long-arm statute, specifically CPLR 302(a)(1), to assert personal jurisdiction over the defendants. There is a two-prong inquiry under CPLR 302(a)(1) (see Rushaid v Pictet & Cie, 28 NY3d 316, 323; Santiago v Highway Frgt. Carriers, Inc., 153 AD3d 750, 751). "[U]nder the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions" (Rushaid v Pictet & Cie, 28 NY3d at 323). Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and the "sufficient activities" requirement is met so long as the defendant's activities here were "purposeful" (Rushaid v Pictet & Cie, 28 NY3d at 323 [internal quotation marks omitted]; see Ehrenfeld v Bin Mahfouz, 9 NY3d 501, 508). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d at 979 [internal quotation marks omitted]). "Although it is impossible to precisely fix those acts that constitute a transaction of business, [Court of Appeals'] precedents establish that it is the quality of the defendants' New York contacts that is the primary consideration" (Fischbarg v Doucet, 9 NY3d 375, 380). The "transacting business" requirement may be satisfied by proof of one transaction, so long as the claim arises from that same transaction (see Rushaid v Pictet & Cie, 28 NY3d at 323 n 4; Kreutter v McFadden Oil Corp., 71 NY2d 460, 467).
In opposition to the defendants' motion to dismiss for lack of personal jurisdiction, the plaintiffs made a prima facie showing that the defendants transacted business in New York and that the plaintiffs' cause of action for breach of contract arises from that transaction so as to establish that jurisdiction is proper under CPLR 302(a)(1). Accepting the plaintiffs' allegations as true and construing the allegations in the light most favorable to the plaintiffs, they demonstrated that the defendants conducted sufficient purposeful activities in New York, including contract negotiations, several trips to inspect the equipment and make repairs, and made payments for the equipment, all of which bore a substantial relationship to the subject matter of this action, so as to avail themselves of the benefits and protections of New York laws (see Nick v Schneider, 150 AD3d at 1253; Paradigm Mktg. Consortium, Inc. v Yale New Haven Hosp., Inc., 124 AD3d 736, 737).
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Wilson v Poughkeepsie City Sch. Dist., 147 AD3d 1112, 1113 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered documentary, evidence must be unambiguous and of undisputed authenticity" (Parekh v Cain, 96 AD3d 812, 815 [internal quotation marks omitted]). When determining a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88; see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 829; Parekh v Cain, 96 AD3d at 815). Where evidence is considered on a motion pursuant to CPLR 3211(a)(7), the focus of the inquiry turns from whether the complaint states a cause of action to whether the plaintiff has a cause of action (see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d at 829; Kalmon Dolgin Affiliates, Inc. v Tonacchio, 110 AD3d 848, 850). " [U]nless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate'" (Kalmon Dolgin Affiliates, Inc. v Tonacchio, 110 AD3d at 850, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Applying these principles here, contrary to the defendants' contentions, the documentary evidence, i.e., the handwritten agreement, that they submitted in support of their motion did not utterly refute the plaintiffs' factual allegations, as augmented by Piccoli's affidavit (see Cron v Hargro Fabrics, 91 NY2d 362, 366; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 794), that Cerra, Inc., purchased the equipment and breached the agreement by ceasing to make monthly payments (see Marom v Anselmo, 90 AD3d 622, 624). Moreover, the complaint, as augmented by Piccoli's affidavit, sufficiently alleges a cause of action for breach of contract as against Cerra, Inc. (see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d at 830).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, and pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against Cerra, Inc.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court