24-1827-cv
Goldman v. Trinity Sch. Med.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-five.

PRESENT:  DENNIS JACOBS,
                       DENNY CHIN,
                       RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*.

-------------------------------------------------------------------

JACK GOLDMAN,

　　　　　*Plaintiff-Appellant*,

　　　v.                                                                    No. 24-1827-cv

TRINITY SCHOOL OF MEDICINE, THROUGH
ITS BOARD OF TRUSTEES, DOE DEFENDANTS
1–20, IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

　　　　　*Defendants-Appellees.*

-------------------------------------------------------------------

FOR APPELLANT: KEITH ALTMAN, The Law Office of Keith Altman, Farmington Hills, MI

FOR APPELLEES: JACQUELINE VORONOV, Hall Booth Smith, P.C., New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Jack Goldman appeals from a June 7, 2024 judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) dismissing his claims against Defendants-Appellees Trinity School of Medicine and twenty unnamed employees of Trinity for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).   Goldman is a citizen of New York who attended Trinity, a Caribbean medical school located in Kingstown, St. Vincent and the Grenadines, beginning in 2016.   He brought claims under New York General Business Law § 349, for breach of contract, and for breach of express warranty based on allegedly false statements made during his recruitment interview and improper tuition charges.   We

2

assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Personal Jurisdiction

"We review de novo a district court's decision to dismiss a complaint for lack of personal jurisdiction." *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008). In diversity cases such as this one, personal jurisdiction is governed by the law of the forum State — here, New York — and the requirements of due process. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). New York's long-arm statute permits a court to exercise personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). To be subject to specific personal jurisdiction under the statute, a "defendant must have conducted sufficient activities to have transacted business in the state, and . . . the claims must arise from the transactions." *Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 323 (2016); *see also Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 129 (2d Cir. 2022).

Goldman argues that, contrary to the District Court's ruling, Trinity had

enough contacts with New York to establish personal jurisdiction under its long-arm statute. Goldman alleges several facts to support the exercise of personal jurisdiction: (1) Trinity's recruiting visits to New York, including Goldman's own interview with Trinity's Director of Admissions in New York; (2) a past contractual relationship between Trinity and an Illinois-based company that placed Trinity students in clinical rotations at New York hospitals; (3) Trinity's marketing efforts directed to New York residents; and (4) that about seven percent of Trinity's student body hails from New York.

None of these alleged contacts singly or together meet the "overriding criterion" for establishing a transaction of business, which is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York." *Licci ex rel. Licci v. Lebanese Can. Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (quoting *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007)). First, although Trinity conducted a handful of recruiting interviews in New York between 2016 and 2018, including Goldman's interview, these limited contacts were part of a nationwide recruitment effort and not specifically targeted at New York. Goldman did not allege that the school maintains any offices or employees in New York, and it has not conducted any in-person interviews in

4

the state since 2018.   The "transitory presence of a corporate official" in New York is insufficient to support jurisdiction under § 302(a)(1).   *See Licci*, 673 F.3d at 62.

Second, Trinity's contract with the Illinois company terminated in October 2015, well before Goldman's April 2016 recruitment interview, Goldman never participated in any New York clinical rotations, and the alleged misrepresentations about residency opportunities and the disputed tuition charges occurred years after Trinity had ceased all New York clinical placements. Indeed, the Illinois company, not Trinity, had a direct relationship with New York hospitals.   Goldman has thus failed to show "a relatedness between the transaction[s] [involving the Illinois company] and the legal claim such that the latter is not completely unmoored from the former."   *Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 339 (2012).   Because there is no "articulable nexus" between the contract and Goldman's claims, *McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981), it cannot serve as a basis for specific jurisdiction under New York's long-arm statute.

Third, Trinity's general marketing efforts, including its website and email campaigns, were not specifically targeted at New York residents and therefore

do not establish purposeful availment.   *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250–52 (2d Cir. 2007).   Finally, without additional evidence that Trinity specifically targeted New York residents or tailored its educational offerings to the New York market, Trinity's enrollment statistics reflect the school's general recruitment strategy, not purposeful engagement with New York specifically. *See Apicella v. Valley Forge Mil. Acad. & Junior Coll.*, 478 N.Y.S.2d 663, 665–66 (2d Dep't 1984); *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 380–81 (2014).

## II.    Leave to Amend

Goldman also contends that the District Court erred by denying him leave to amend his complaint.   "We review a district court's denial of leave to amend a complaint for abuse of discretion."   *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).   But where "denial was based on an interpretation of law, such as futility, . . . we review the legal conclusion *de novo*."   *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

The District Court granted Goldman the opportunity to engage in jurisdictional discovery, but Goldman failed to adduce any evidence that established personal jurisdiction over Trinity in New York.   In his opposition to Trinity's motion to dismiss, for example, Goldman did not proffer any additional

6

facts that might support jurisdiction in an amended complaint. Under these circumstances, we agree with the District Court's determination that amendment would be futile. *See Panther Partners*, 681 F.3d at 119.

Goldman also argues that the District Court should have transferred the case to Georgia rather than dismissing it. But Goldman never requested a transfer of venue in the District Court, and we decline to consider this argument, which is raised for the first time on appeal. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

## CONCLUSION

We have considered Goldman's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7