■ TESSA LANG et al., Respondents, v WYCOFF HEIGHTS MEDICAL CENTER et al., Defendants, and SUSHAMA KARMARKAR, Appellant. [866 NYS2d 313]—In an action, inter alia, to recover dam-

ages for medical malpractice, etc., the defendant Sushama Karmarkar appeals from an order of the Supreme Court, Queens County (Cullen, J.), entered July 11, 2007, which denied her motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, with leave to renew upon the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction is granted.

Where a defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction, a plaintiff "need only make a prima facie showing" that such jurisdiction exists (*Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]; *see Alden Personnel, Inc. v David*, 38 AD3d 697, 698 [2007]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]; *see also Ingraham v Carroll*, 90 NY2d 592, 597-599 [1997]). Here, the plaintiffs, who contended that the Supreme Court could exercise long-arm jurisdiction over the appellant pursuant to CPLR 302 (a) (3), failed to make such a showing (*see O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199, 201-202 [2003]; *Carte v Parkoff*, 152 AD2d 615, 616 [1989]; *Hermann v Sharon Hosp.*, 135 AD2d 682, 683 [1987]). Furthermore, the plaintiffs failed to establish that further discovery was warranted with respect to that issue (*see* CPLR 3211 [d]; *Roldan v Dexter Folder Co.*, 178 AD2d 589, 590 [1991]). Under these circumstances, the Supreme Court should have granted the appellant's motion. Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.