■ ALICIA VAICHUNAS, Appellant, v DONALD TONYES, Respondent. [877 NYS2d 204]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered March 13, 2008, which granted the defendant's, in effect, renewed motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiff was injured as she exited a jitney bus operated by the defendant, a non-New York domiciliary, in Atlantic City, New Jersey. Contrary to the plaintiff's contention, neither the fact that she is a New York resident (*see Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326 [1980]), nor the fact that she sought and obtained medical treatment in New York, provided a basis for the exercise of personal jurisdiction over the defendant. Pursuant to the portion of the New York long-arm statute relied upon by the plaintiff, CPLR 302 (a) (3), personal jurisdiction over a nondomiciliary may be exercised when the defendant, inter alia, "commits a tortious act without the state causing injury to person or property within the state." "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff (*see, McGowan v Smith,* 52 NY2d 268, 273-274)" (*Hermann v Sharon Hosp.,* 135 AD2d 682, 683 [1987]; *see Lang v Wycoff Hgts. Med. Ctr.,* 55 AD3d 793 [2008]; *Marie v Altshuler,* 30 AD3d 271, 272-273 [2006]; *Polansky v Gelrod,* 20 AD3d 663, 665 [2005]; *Carte v Parkoff,* 152 AD2d 615, 616 [1989]).

Accordingly, we affirm the granting of the defendant's, in effect, renewed motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, albeit on a basis slightly different from that relied upon by the Supreme Court. The situs of the plaintiff's injury was Atlantic City, New Jersey. Given that the injury occurred in New Jersey, and involved a nondomiciliary, it was not necessary to consider whether the additional aspects of CPLR 302 (a) (3) (ii) were met (*see* Siegel, NY Prac § 88, at 164 [4th ed]).

In light of our determination, the plaintiff's remaining contention has been rendered academic. Fisher, J.P., Miller, Angiolillo and Balkin, JJ., concur.