■ MEIR N. HOPSTEIN et al., Respondents, v SCOTT B. COHEN, Appellant, et al., Defendant. [40 NYS3d 436]—

In an action to recover damages for personal injuries, etc., the defendant Scott B. Cohen appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated January 29, 2015, as denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Scott B. Cohen pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is granted.

On May 10, 2012, the plaintiffs allegedly sustained personal injuries in a motor vehicle accident that occurred in the State of New Jersey. The plaintiffs, New York domiciliaries, allegedly were passengers in a vehicle owned and operated by the defendant Y.D. Brailofsky, a New York domiciliary. That vehicle allegedly was struck in the rear by a vehicle owned and operated by the defendant Scott B. Cohen (hereinafter the appellant), who resided in New Jersey. On May 6, 2014, the plaintiffs commenced this personal injury action against the defendants in the Supreme Court, Kings County. On May 8, 2014, the appellant was personally served with the summons and complaint at his home in New Jersey. On July 24, 2014, the appellant served an answer raising the defense of lack of personal jurisdiction. The plaintiffs rejected the answer as untimely. On July 29, 2014, the appellant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated January 29, 2015, the Supreme Court, inter alia, denied the appellant's motion and directed the appellant to re-serve an answer without any jurisdictional defenses. We reverse insofar as appealed from.

" 'Although a plaintiff is not required to plead and prove personal jurisdiction in the complaint, where jurisdiction is contested, the ultimate burden of proof rests upon the plaintiff' " (*Pichardo v Zayas*, 122 AD3d 699, 700 [2014], quoting *Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 914 [2014]). In opposing a motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction, "a plaintiff need only make a prima facie showing that such jurisdiction exists" (*Lang v Wycoff Hgts. Med. Ctr.*, 55 AD3d 793, 794 [2008] [internal quotation marks omitted]). Here, the plaintiffs failed to make a prima facie showing that personal jurisdiction over the appellant existed under New York's long-arm statute (*see* CPLR 302). The fact that the appellant may have owned property in New York at some time does not establish jurisdiction under CPLR 302 where, as here, the plaintiffs' negligence cause of action against the defendant did not arise out of such ownership of property, but rather, the operation of his vehicle in New Jersey (*see* CPLR 302 [a] [4]; *see generally Johnson v Ward*, 4 NY3d 516, 519 [2005]).

Contrary to the plaintiffs' contention, the appellant did not waive the defense of lack of personal jurisdiction, since he raised the defense in his answer and moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) (*see* CPLR 320 [b]; *Cadlerock Joint Venture, L.P. v Kierstedt*, 119 AD3d 627, 628 [2014]; *Frederic v Israel*, 104 AD3d 909, 910 [2013]). Since the appellant was not subject to the jurisdiction of New York under the long-arm statute, the plaintiffs' service of process upon him was not valid (*see* CPLR 313; *Ruffin v Lion Corp.*, 15 NY3d 578, 583 n 3 [2010]). Moreover, contrary to the plaintiffs' contention, the appellant's motion to dismiss the complaint was not untimely, since the time to answer the complaint never began to run (*see* CPLR 313; CPLR 320 [a]; CPLR 3211 [e]).

Accordingly, the Supreme Court should have granted the appellant's motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.