Ksenia Pavlova, D.O., as Assignee of Emmanuel Borgella, Respondent, 
against
American Independent Ins. Co., Appellant.




Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered August 11, 2016. The order denied defendant's motion to dismiss the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion to dismiss the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (8), on the ground that the Civil Court lacked personal jurisdiction over defendant. In several affidavits in support of the motion, defendant's employees asserted that defendant is a Pennsylvania company, which is not licensed to do business in New York, maintains no offices in New York, has no agents operating out of, or representatives soliciting business in, New York, and does not own, use or possess any real property in New York. Furthermore, defendant argued that it had been held in prior cases that the courts in the State of New York cannot exercise personal jurisdiction over this defendant. Plaintiff opposed the motion with an affirmation by its counsel, who made unsupported assertions that defendant had transacted business in New York by knowingly issuing policies to New York drivers, and that defendant had established an ongoing relationship with defense counsel in New York, thereby subjecting defendant to jurisdiction in New York. Defendant's attorney asserted in a reply affirmation that the arguments raised by plaintiff had been rejected by this court in Compas Med., P.C. v American Ind. Ins. Co. (47 Misc 3d 134[A], 2015 NY Slip Op 50481[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Defendant appeals from an order of the Civil Court entered August 11, 2016 denying defendant's motion to dismiss the complaint.
Defendant made a prima facie showing that personal jurisdiction had not been obtained over it. "In opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction, 'a plaintiff need only make a prima facie showing that such jurisdiction exists' " (Hopstein v Cohen, 143 AD3d 859, 860 [2016], quoting Lang v Wycoff Hgts. Med. Ctr., [*2]55 AD3d 793, 798 [2008]). In the case at bar, the affirmation of plaintiff's attorney was insufficient to demonstrate that personal jurisdiction over defendant existed under the Civil Court's long-arm statute (see CCA 404 [a]), as plaintiff's counsel failed to establish that he possessed personal knowledge of the facts.
Accordingly, the order is reversed and defendant's motion to dismiss the complaint is granted.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 15, 2018