Qudsi v Larios (2019 NY Slip Op 04742)





Qudsi v Larios


2019 NY Slip Op 04742


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-07693
 (Index No. 503900/15)

[*1]Dunia Qudsi, etc., plaintiff-respondent,
v
Felix H. Larios, et al., appellants, Adel M. Qudsi, et al., defendants-respondents.


Downing & Peck, P.C., New York, NY (John M. Downing, Jr., of counsel), for appellants.
Eisenberg & Baum, LLP, New York, NY (Sagar Shah and Andrew Rozynski of counsel), for plaintiff-respondent.
Melcer Newman PLLC, New York, NY (Jeffrey B. Melcer of counsel), for defendant-respondent Wisam Awwad.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Felix H. Larios, Clifford B. Finkle, Jr., Inc., and Ryder Truck Rental, Inc., appeal from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated June 19, 2017. The order, insofar as appealed from, denied as premature those branches of those defendants' motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendants Felix H. Larios and Clifford B. Finkle, Jr., Inc., with leave to renew upon completion of discovery.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Felix H. Larios, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
This personal injury action arises out of an automobile accident on the New Jersey Turnpike in which a minivan driven by the defendant Wisam Awwad was struck from behind by a freight truck leased by the defendant Clifford B. Finkle, Jr., Inc. (hereinafter Finkle), from the defendant Ryder Truck Rental, Inc. (hereinafter Ryder), and operated by the defendant Felix H. Larios (hereinafter collectively the appellants). At the time of the accident, the plaintiff and the plaintiff's decedents, all residents of New York, were passengers in the minivan. Finkle was a New Jersey corporation with its principal place of business in New Jersey. Larios was a resident of Pennsylvania. The plaintiff commenced this action in New York. The appellants moved, inter alia, to dismiss the complaint insofar as asserted against Finkle and Larios pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction. In the order appealed from, the Supreme Court denied as premature those branches of the appellants' motion, with leave to renew upon completion of discovery.
The ultimate burden of proving a basis for personal jurisdiction rests with the party [*2]asserting jurisdiction (see Fischbarg v Doucet, 9 NY3d 375, 381 n 5; Mejia-Haffner v Killington, Ltd., 119 AD3d 912, 914; Brinkmann v Adrian Carriers, Inc., 29 AD3d 615, 616). Where, as here, a party opposes a CPLR 3211(a)(8) motion to dismiss on the ground that discovery on the issue of personal jurisdiction is necessary, the party "need only demonstrate that facts may exist' whereby to defeat the motion" (Peterson v Spartan Indus., 33 NY2d 463, 466, quoting CPLR 3211[d]; see Amigo Foods Corp. v Marine Midland Bank-N.Y., 39 NY2d 391, 395; Abad v Lorenzo, 163 AD3d 903, 904; Ying Jun Chen v Lei Shi, 19 AD3d 407, 407-408). If it appears that facts essential to justify the opposition may exist but cannot then be stated, a court may, in the exercise of its discretion, postpone resolution of the issue of personal jurisdiction (see CPLR 3211[d]; Amigo Foods Corp. v Marine Midland Bank-N.Y., 39 NY2d at 395; Peterson v Spartan Indus., 33 NY2d at 467; Abad v Lorenzo, 163 AD3d at 904; Expert Sewer & Drain, LLC v New England Mun. Equip. Co., Inc., 106 AD3d 775, 776).
In opposing the appellants' motion, the plaintiff and Awwad asserted that jurisdiction over Larios and Finkle was proper pursuant to CPLR 301 and 302(a)(1) and (3). Under modern jurisprudence, a court may assert general all-purpose jurisdiction or specific conduct-linked jurisdiction over a particular defendant (see Daimler AG v Bauman, 571 US 117, 122; Goodyear Dunlop Tires Operations, S.A. v Brown, 564 US 915). Contrary to the contentions of the plaintiff and Awwad, they have not alleged facts in opposition which would support the exercise of personal jurisdiction under New York's general jurisdiction statute, CPLR 301, over Larios, who was not domiciled in New York, or over Finkle, which was not incorporated in New York and did not have its principal place of business in New York (see Daimler AG v Bauman, 571 US at 137; Aybar v Aybar, 169 AD3d 137). Therefore, the plaintiff and Awwad failed to indicate how further discovery might lead to evidence showing that general personal jurisdiction in New York exists over these defendants (see Mejia-Haffner v Killington, Ltd., 119 AD3d at 915).
As to specific jurisdiction, New York's long-arm statute, CPLR 302, provides in relevant part, that New York courts may exercise personal jurisdiction over any nondomiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302[a][1]) or "commits a tortious act without the state causing injury to person or property within the state" (CPLR 302[a][3]). Under CPLR 302(a)(3), "[t]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff" (Hermann v Sharon Hosp., 135 AD2d 682, 683; see Paterno v Laser Spine Inst., 24 NY3d 370, 381; McGowan v Smith, 52 NY2d 268, 274; Abad v Lorenzo, 163 AD3d at 905; Bloomgarden v Lanza, 143 AD3d 850, 852; Vaichunas v Tonyes, 61 AD3d 850, 851). Here, since the accident which caused the injuries occurred in New Jersey, CPLR 302(a)(3) does not provide a basis for personal jurisdiction over these defendants in New York (see Abad v Lorenzo, 163 AD3d at 905; Vaichunas v Tonyes, 61 AD3d at 851).
In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), the court must determine (1) whether the defendant "purposefully availed itself of the privilege of conducting activities within the forum State' by either transacting business in New York or contracting to supply goods or services in New York" (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297, quoting Rushaid v Pictet & Cie, 28 NY3d 316, 323), and (2) whether the claim arose from that business transaction or from the contract to supply good or services (see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d at 297; Rushaid v Pictet & Cie, 28 NY3d at 323). In order to satisfy the second prong of the jurisdictional inquiry, there must be an "articulable nexus" (McGowan v Smith, 52 NY2d at 272) or a "substantial relationship" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467) between a defendant's New York activities and the cause of action sued upon (see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d at 298-299; Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339; Leuthner v Homewood Suites by Hilton, 151 AD3d 1042, 1043; Fernandez v DaimlerChrysler, AG., 143 AD3d 765, 767).
Here, Finkle asserted that it is a New Jersey corporation with its business address in New Jersey, and Larios stated that, at the time of the accident, he was transporting a load for the United States Postal Service within the State of New Jersey. However, Finkle admitted that it had [*3]terminals at four New York locations at which it parked its vehicles. Based upon these facts, and given Finkle's failure to submit trip logs, manifests, or other documentary evidence to support its assertion that the load Larios was transporting was being shipped within the State of New Jersey and had no relationship to Finkle's New York business, we agree with the Supreme Court's determination to deny as premature that branch of the appellants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Finkle, with leave to renew upon completion of discovery.
However, the Supreme Court should have granted the motion as to Larios, as his affidavit established that he himself had not conducted business in New York in connection with the subject load, and the plaintiff failed to establish that further discovery was warranted with respect to that issue (see generally CPLR 3211[d]; Hopstein v Cohen, 143 AD3d 859, 860; Lang v Wycoff Hgts. Med. Ctr., 55 AD3d 793, 794).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court