Pierre J. Renelique, M.D., P.C., as Assignee of Vernizier, Jean Willy, Respondent,
against
American Independent Ins. Co., Appellant.




Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered October 18, 2017. The order, insofar as appealed from, denied defendant's motion to dismiss the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion to dismiss the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8).
In support of its motion to dismiss, defendant submitted multiple affidavits by its employees, who asserted that defendant is a Pennsylvania company, which is not licensed to do business in New York, maintains no offices in New York, has no agents operating out of, or representatives soliciting business in, New York, and does not own, use or possess any real property in New York. Furthermore, defendant argued that it has been held in prior cases that the courts in the State of New York cannot exercise personal jurisdiction over this defendant (see e.g. Matter of Eagle Ins. Co. v Gutierrez-Guzman, 21 AD3d 489 [2005]). Insofar as is relevant, plaintiff opposed defendant's motion with an affirmation by its counsel, who made unsupported assertions that, among other things, defendant had transacted business in New York by knowingly issuing policies to New York drivers, and that defendant had established an ongoing [*2]relationship with defense counsel in New York, thereby subjecting defendant to jurisdiction in New York. Defendant's attorney asserted in a reply affirmation that the arguments raised by plaintiff were rejected by this court in Compas Med., P.C. v American Ind. Ins. Co. (47 Misc 3d 134[A], 2015 NY Slip Op 50481[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Defendant made a prima facie showing that personal jurisdiction had not been obtained over it (see Gentlecare Ambulatory Anesthesia Servs. v American Ind. Ins. Co., 63 Misc 3d 144[A], 2019 NY Slip Op 50635[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Lida's Med. Supply, Inc. v American Ind. Ins. Co., 63 Misc 3d 137[A], 2019 NY Slip Op 50502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Pavlova v American Ind. Ins. Co., 60 Misc 3d 128[A], 2018 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). "In opposing a motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Hopstein v Cohen, 143 AD3d 859, 860 [2016] [internal quotation marks omitted]; see also Lang v Wycoff Hgts. Med. Ctr., 55 AD3d 793, 794 [2008]). "In the case at bar, the affirmation of plaintiff's attorney was insufficient to demonstrate that personal jurisdiction over defendant existed under the Civil Court's long-arm statute (see CCA 404 [a]), as plaintiff's counsel failed to establish that he possessed personal knowledge of the facts" (Pavlova, 60 Misc 3d 128[A], 2018 NY Slip Op 50943[U], *2).
Plaintiff's contention that Matter of American Ind. Ins. Co. v Nova Acupuncture, P.C. (137 AD3d 1270 [2016]) (Nova) stands for the proposition that New York courts might have personal jurisdiction over defendant lacks merit. In Nova, the issue was limited to whether defendant could be compelled to arbitrate a claim for first-party no-fault benefits. However, as the Appellate Division, Second Department, had previously noted, "[a]t this pre-arbitration stage, the issue is not whether New York courts have jurisdiction over AIIC, but whether the arbitrator has authority under the terms of the insurance contract to award no-fault benefits to the appellants" and, "[w]hile personal jurisdiction is required for the exercise of the state's judicial power over a party, arbitration is a form of dispute resolution almost wholly independent of the court system" (American Ind. Ins. Co. v Art of Healing Medicine, P.C., 104 AD3d 761, 762-763 [2013]).
To the extent that plaintiff argues that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]), this argument is not properly before us, as plaintiff's contention that it needs discovery "regarding the nature and extent of [defendant's] relationship with parent/subsidiary companies and, in particular, the extent of activity in New York State by these companies" is raised by plaintiff for the first time on appeal (see Copp v Ramirez, 62 AD3d 23 [2009]). Even if the argument were properly before us, neither the unverified complaint nor the conclusory affirmation of plaintiff's counsel in opposition to defendant's motion constituted the "tangible evidence" (Mandel v Busch Entertainment Corp., 215 AD2d 455, 455 [1995]) necessary to substantiate plaintiff's allegations that jurisdiction could exist, thereby demonstrating that plaintiff's assertion of the existence of a jurisdictional predicate was not "frivolous" (Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). Thus, plaintiff did not make a "sufficient start" (id.) by showing that essential jurisdictional facts might exist to warrant discovery on the issue of personal jurisdiction over defendant (see Compas Med., P.C.,47 Misc 3d 134[A], 2015 NY Slip Op 50481[U]).
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion to dismiss the complaint is granted.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 25, 2019