Island Life Chiropractic Pain Care, PLLC v American Ind. Ins. Co. (2022 NY Slip Op
50901(U))

[*1]

Island Life Chiropractic Pain Care, PLLC v American Ind. Ins.
Co.

2022 NY Slip Op 50901(U) [76 Misc 3d 131(A)]

Decided on August 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-251 K C

Island Life Chiropractic Pain Care, PLLC,
as Assignee of Vernizier, Jean Willy, Respondent,
against
American Independent Ins. Co., Omni Indemnity Company, American
Independent Insurance Companies, Inc. and Good2Go Auto Insurance, Appellants.

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), entered November 4, 2019. The order insofar as appealed from, denied
the branches of defendants' joint motion seeking to dismiss so much of the complaint as was
asserted against American Independent Ins. Co., American Independent Insurance Companies,
Inc., and Good2Go Auto Insurance, respectively.

ORDERED that so much of the appeal as is by Omni Indemnity Company is dismissed, as
Omni Indemnity Company is not aggrieved by the order, insofar as appealed from (see
CPLR 5511; Rinaldi v Evenflo Co.,
Inc., 62 AD3d 856 [2009]); and it is further,
ORDERED that the order, insofar as appealed from, is modified by providing that the
branches of the motion seeking to dismiss so much of the complaint as was asserted against
American Independent Ins. Co. and American Independent Insurance Companies, Inc.,
respectively, are granted; as so modified, the order, insofar as appealed from, is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendants
appeal from so much of an order as denied the branches of defendants' joint motion seeking to
dismiss so much of the complaint as was asserted against defendants American Independent Ins.
[*2]Co., American Independent Insurance Companies, Inc., and
Good2Go Auto Insurance, respectively.
Defendants based their motion on CPLR 3211 (a) (8). In multiple affidavits in support of the
motion, defendant American Independent Ins. Co.'s employees asserted that defendant is a
Pennsylvania company, which is not licensed to do business in New York, maintains no offices
in New York, has no agents operating out of, or representatives soliciting business in, New York,
and does not own, use or possess any real property in New York. Furthermore, defendant
American Independent Ins. Co. argued that it had been held in prior cases that the courts in the
State of New York cannot exercise personal jurisdiction over it (see e.g. Matter of Eagle Ins. Co. v
Gutierrez-Guzman, 21 AD3d 489 [2005]). Plaintiff cross-moved for summary judgment
and opposed the motion with an "affirmation" by its counsel, who made unsupported assertions
that, among other things, defendant American Independent Ins. Co. had transacted business in
New York by knowingly issuing policies to New York drivers, and that American Independent
Ins. Co. had established an ongoing relationship with defense counsel in New York, thereby
subjecting American Independent Ins. Co. to jurisdiction in New York. For the reasons stated in
Excel Prods., Inc. v American Ind. Ins.
Co. (65 Misc 3d 157[A], 2019 NY Slip Op 51964[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]), the branch of the motion by defendant American Independent Ins.
Co. seeking to dismiss the complaint insofar as asserted against it should have been granted. In
addition, because the "affirmation" submitted by plaintiff's counsel is unsigned, the affirmation is
of no probative value (see WJJ
Acupuncture, P.C. v Liberty Mut. Fire Ins. Co., 26 Misc 3d 135[A], 2010 NY Slip Op
50146[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]) and plaintiff failed to
satisfy its burden of making a prima facie showing that there was personal jurisdiction over
American Independent Ins. Co. (see
Hopstein v Cohen, 143 AD3d 859 [2016]).
Similarly, after defendant American Independent Insurance Companies, Inc. contested
jurisdiction, "plaintiff need[ed] only make a prima facie showing that such jurisdiction exists"
(Hopstein, 143 AD3d at 860 [internal quotation marks omitted]; see also Lang v Wycoff Hgts. Med.
Ctr., 55 AD3d 793 [2008]). In the instant case, the only proof that service of process was
made upon American Independent Insurance Companies, Inc. consisted of affidavits of service
stating that service was made upon defendant Good2Go Auto Insurance. Consequently, the
branch of the motion by defendant American Independent Insurance Companies, Inc. seeking to
dismiss the complaint insofar as asserted against it should have been granted.
To the extent defendant Good2Go Auto Insurance moved to dismiss the complaint insofar as
asserted against it, plaintiff's opposition papers contained copies of affidavits of service reflecting
that service was made upon Good2Go Auto Insurance. In its reply papers, Good2Go Auto
Insurance made no attempt to demonstrate that the person served was not "an officer, director,
managing or general agent, or cashier or assistant cashier or to any other agent authorized by
appointment or by law to receive service" (CPLR 311 [1]). As a result, Good2Go Auto Insurance
failed to demonstrate a basis to disturb so much of the order as denied the branch of the motion
by defendant Good2Go Auto Insurance seeking to dismiss the complaint insofar as asserted
against it.
Accordingly, the order, insofar as appealed from, is modified by providing that the branches
of the motion seeking to dismiss so much of the complaint as was asserted against [*3]American Independent Ins. Co. and American Independent
Insurance Companies, Inc., respectively, are granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 19, 2022